NANETTE E. MCCARN, APPELLEE, V. ESTHER LONDON, APPELLANT.

FILED JANUARY 9, 1909.   No. 15,416.

Statute of Frauds: SALE OF REAL ESTATE: MEMORANDUM. Where the owner of an entire city lot signs a written memorandum of sale in which the property is described as the north —— feet of such lot, the memorandum is insufficient under the statute of frauds, and a specific performance thereof will not be enforced.

APPEAL from the district court for Dodge county: CONRAD HOLLENBECK, JUDGE. *Affirmed.*

*F. W. Button,* for appellant.

*Frank Dolezal, contra.*

CALKINS, C.

On the 21st day of March, 1907, the plaintiff, being the owner of certain property in the city of Fremont, described as lot 8, in block 182, made a writing in the words and figures following: "Fremont, Nebraska, March 21, 1907. Received of Esther London fifty dollars ($50) to apply on payment on sale of the north ...... feet of Lot No. 8, Blk. No. 182. Esther London agrees to pay for this property $1,250 in all, $550 cash June 15, '07, $600 cash Aug. 1st 1907, with 6 per cent. interest from April 21, '07 when Esther London is to get possession. Nanette E. McCarn." Afterwards she brought this action to quiet title against the defendant, who, it was alleged, claimed to own a portion of said lot 8 by virtue of the writing above quoted. The defendant filed a pleading denominated an answer and cross-petition, in which she alleged

that said lot 8 was in dimension 66 feet east and west and 132 feet north and south, and was bounded by C street on the east and Second street on the south; that there were upon this lot three houses all facing east, and with each house there had been kept certain definite separate parts of said lot; that the portion of the lot occupied with the north house was 28 feet north and south, and that this was marked by the placing of a coal house used in connection with the north house in the rear and to the south thereof, and by placing a privy appurtenant to the middle house to the rear and north thereof and adjoining the coal house; that the plaintiff and defendant had a definite understanding that this north 28 feet was the property being sold, but at the time did not know the frontage thereof in feet, and that it was agreed that the number of feet might be ascertained by measurement and thereafter inserted in the contract. The answer also contained suitable allegations of readiness on the part of the defendant to fulfil such contract and prayed that the plaintiff be compelled to specifically perform the same. To this answer the plaintiff filed a demurrer, which was sustained; and, judgment being rendered for the plaintiff, the defendant appeals.

It is conceded that the only question presented by this appeal is the sufficiency of the above writing under the statute of frauds. It is a general rule that the description of land in a memorandum of a contract for the sale thereof must be sufficiently definite to identify the land by its own terms or by reference to external standards in existence at the time of the making of the contract, and capable of being determined beyond dispute. 20 Cyc. 270. The connection between the signed paper and the external standards cannot be made by parol. It must appear or be reasonably inferred from the writing itself. *Johnson & Miller v. Buck*, 35 N. J. Law, 338. In this case the contract fails to identify the property, and there is no reference to any external standard. The only way to ascertain what was in the minds of the contracting parties is to re-

sort to parol testimony of what was said between them, which would in effect nullify the statute requiring the contract to be in writing.

The defendant places stress upon the use of the words "this property" in the memorandum. The word "this" may be used to refer to something mentioned or about to be mentioned; but, where there is nothing elsewhere in the writing to which it can refer, it does not in any way supply the lack of such mention.

The defendant cites the case of *Ruzicka v. Hotovy*, 72 Neb. 589. In this case the vendor owned the southeast quarter of section 7, and the memorandum did not specify which quarter in the section named was to be sold. A reference to the records disclosed the fact that the vendor owned but one quarter in this section, and the contract in that case was held to mean the quarter owned by such vendor. If in this case the vendor had owned one-third of the lot mentioned, and the memorandum had described one-third of said lot without further specifying the property to be sold, we might, under the authority of *Ruzicka v. Hotovy, supra,* go to the record, and, having ascertained that the plaintiff owned but one-third of such lot, declare that her intention to sell that third sufficiently appeared from the contract. But no such certainty could be attained by an examination of the record of the title of this lot. Any determination of the number of feet of frontage intended to be sold must rest upon parol testimony unsupported by the writing or any legitimate inference to be drawn therefrom. The case cited does not apply.

We therefore recommend that the judgment of the district court be affirmed.

DUFFIE, EPPERSON and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion the judgment of the district court is

AFFIRMED.

DEAN, J., not sitting.