GEORGE P. VALERIUS ET AL., APPELLANTS, V. MARTIN C. LUHRING, APPELLEE.

FILED JUNE 29, 1910. No. 16,103.

Brokers: COMMISSION. One who makes a contract with a real estate broker or agent, which complies with the statute in its form and

contents, and in which he represents himself as owner of the land described, cannot avoid payment of the agreed commission on the ground that he is not the owner of the land.

APPEAL from the district court for Adams county: HARRY S. DUNGAN, JUDGE. *Reversed.*

*Arthur G. Abbott* and *O. A. Abbott*, for appellants.

*John C. Stevens, contra.*

SEDGWICK, J.

The petition alleges that the defendant "entered into a written contract with these plaintiffs to sell for him" certain lands described in the petition. The plaintiffs were real estate agents in Grand Island, Nebraska. An objection was made to the plaintiffs' evidence on the ground that the petition did not state facts sufficient to constitute a cause of action. The objection was sustained, and the plaintiffs elected to stand upon their petition. Their action was dismissed, and they have appealed.

The petition alleged that the "original contract is attached to depositions taken in the lower court and filed herein, and the same is referred to and made a part hereof as though set out at length." There was no objection made to this manner of pleading the contract, and the transcript filed in this court did not contain a copy of the contract. It was urged that the transcript showed upon its face that it was incomplete and did not contain the whole of the petition, and that it did not appear therefrom that the contract complied with the statute in regard to contracts between real estate agents and brokers and the owners of land. The plaintiff was allowed to complete the record by filing a certified copy of the contract, which has been done, and from that it appears that the contract was in writing, and was made by both the plaintiffs and the defendant, and contained a description of the land to be sold and the compensation to be allowed to the agents for their services. The contract appears to be a com-

pliance with the statute referred to, so far as regards its form, but it appeared from the pleadings that the land was owned by the wife of the defendant, and it is objected that the statute has not been complied with because the contract was not signed by the owner of the land. This contract is not *nudum pactum*. The plaintiffs agreed to perform services for the defendant, and the defendant agreed to compensate them for so doing. Each agreement is a consideration for the other. The defendant then entered into a written contract with the plaintiffs as owner of the lands described, and we think that he cannot now be heard to say that he had no interest in the lands and no interest in the contract which he made. If he had sufficient interest in the land to enter into such a contract, we think he is the owner of the land within the meaning of the statute. The object of the statute is to prevent fraud in such transactions. It is not the purpose of the statute to define what shall constitute ownership. It was intended to prevent fraud, and should not be made an instrument to enable the parties thereto to perpetrate fraud on each other.

This appears to be the only point assigned and discussed in the defendant's brief, and we think in this the court was in error. The judgment of the district court is therefore reversed and the cause remanded.

REVERSED.