WILLIAM W. BELL ET AL., APPELLEES, V. STANLEY STEDMAN, APPELLANT.

FILED FEBRUARY 28, 1911. No. 16,328.

1. **Appeal:** FINDINGS: CONFLICTING EVIDENCE. A finding of fact upon conflicting evidence in an action at law will not be disturbed in the supreme court on appeal unless manifestly wrong.

2. **Brokers:** COMMISSION. Where real estate brokers, in strict conformity with their contract of agency, produce a purchaser ready, able and willing to purchase the land of their principal on the terms prescribed by him, his agreement to pay them their stipulated commission cannot be defeated on the sole ground that his wife refuses to join him in a deed to such purchaser.

APPEAL from the district court for Otoe county: HARVEY D. TRAVIS, JUDGE. *Affirmed.*

*Paul Jessen,* for appellant.

*W. F. Moran, contra.*

ROSE, J.

This is an action by two real estate agents to recover from their principal a stipulated commission of $96 for procuring for him a purchaser ready, able and willing to purchase 80 acres of land in Otoe county for $4,800. From a judgment for the full amount of plaintiffs' claim defendant has appealed.

43

By written contract defendant appointed plaintiffs his exclusive agents to sell the land for $4,800, agreeing to pay them a commission of 2 per cent., and promising to deed the land as they should direct. The appointment was never revoked, and on the terms therein prescribed plaintiffs produced a person ready, able and willing to make the purchase. The judgment is assailed on two grounds: (1) Defendant is not liable for the commission, because he had previously notified the agents he would not sell the land for $4,800. (2) The sale was defeated through no fault of defendant, but through the prospective purchaser's refusal to accept a deed in which defendant's wife would not join.

1. Whether plaintiffs, before making the contract of sale, were notified by defendant that he would not sell the land for $4,800 was a question of fact. On this issue the evidence was conflicting, and it was resolved against defendant by the finding of the trial court in favor of plaintiffs. For the purposes of this appeal, therefore, defendant did not notify plaintiffs he would not sell the land for $4,800.

2. Defendant owned the land, but did not live on it. It was not a homestead. The title stood in his name. He was a married man. Did his wife's refusal to join in the deed release him from his obligation to pay his agents their stipulated compensation? The services entitling them to their commission were fully performed. Nothing more would have been required of them had the wife joined in the conveyance. It was no part of their duty to persuade her to do so. They were not guarantors of title. Defendant had a lawful right to employ them to sell his land and to bind himself to pay for their services, when performed. In fixing the terms of the agency, the conveyance of a merchantable title was fairly within the contemplation of both principal and agents. The price agreed upon indicated that. A year earlier plaintiffs sold the same land to defendant for $4,400, and assured him at the time that it could be resold within a short time at

an advance of $5 an acre. The implication from all the circumstances, as between the agents and their principal, was that the latter undertook to convey a merchantable title in the event of a sale. *Middleton v. Thompson*, 163 Pa. St. 112; *Gauthier v. West*, 45 Minn. 192; *Birmingham Land & Loan Co. v. Thompson*, 86 Ala. 146; *Phelps v. Prusch*, 83 Cal. 626. The right to commissions cannot be defeated solely because there is a defect in the vendor's title. *Barber v. Hildebrand*, 42 Neb. 400; *Knapp v. Wallace*, 41 N. Y. 477; *Gonzales v. Broad*, 57 Cal. 224; *Roberts v. Kimmons*, 65 Miss. 332; *Barthell v. Peter*, 88 Wis. 316; *Kock v. Emmerling*, 22 How. (U. S.) 69. Under the facts of the present case, the refusal of the wife to join in the deed did not release her husband from his contract to pay his agents for the services performed by them. *Kepner v. Ford*, 16 N. Dak. 50; *Hamlin v. Schulte*, 34 Minn. 534; *Clapp v. Hughes*, 1 Phila. (Pa.) 382.

There is no error in the judgment of the trial court.

AFFIRMED.