JOHN J. KOLIHA, APPELLEE, V. BERNARD JONAS, APPELLANT.

FILED OCTOBER 16, 1915.   No. 18311.

Brokers: ACTION FOR COMMISSION. *Bell v. Stedman,* 88 Neb. 625, reaffirmed, and *held* decisive of the case at bar.

APPEAL from the district court for Colfax county: CONRAD HOLLENBECK, JUDGE. *Affirmed.*

*F. Dolezal* and *W. I. Allen,* for appellant.

*Myron L. Learned* and *Joseph T. Votava, contra.*

FAWCETT, J.

Defendant entered into a written agreement with plaintiff, who was a real estate agent, in which he authorized plaintiff to sell a valuable tract of land for $19,200, and agreed to furnish "a merchantable abstract showing clear title to the purchaser and give good and sufficient warranty deed." The contract recited that for his services in negotiating the sale he would pay to plaintiff a commission of $200 and all excess of the selling price named when sale of the property was made. The agent negotiated a sale for $20,400, and defendant entered into a written contract with the purchaser for the sale of the property at

the price named and upon terms of payment set out in the contract, and agreed "to furnish a warranty deed on March 1, 1910, a good and sufficient abstract of title," etc. The purchaser was ready, willing and able at all times to carry out his contract, make the payments agreed upon, and take the title to the property; but defendant's wife refused to sign the deed of conveyance and the actual transfer of the land was never consummated. From a verdict and judgment for plaintiff for the full amount of the agreed compensation, defendant appeals.

The gist of the argument for reversal is that the purchaser had a right to decline to accept a deed from defendant alone. Upon this point there can be no disagreement. The next point is that, as defendant's wife had not agreed to a conveyance, either verbally or in writing, she could not be compelled to join in the deed. Again there can be no disagreement. The third point is: "There being no sale, no commission." We deem it unnecessary to consider the argument of counsel in support of this contention, for the reason that every point he makes is fully answered and decided adversely to his contention in *Bell v. Stedman,* 88 Neb. 625. That case is decisive of this.

AFFIRMED.

SEDGWICK and HAMER, JJ., not sitting.