ANDREW SOHLER, APPELLEE, v. PETER CHRISTENSEN, APPELLANT.

39 N. W. 2d 837

Filed December 1, 1949.   No. 32653.

*Clarence E. Haley,* for appellant.

*Charles E. McDermott* and *George W. Leamer,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action by Andrew Sohler, plaintiff and appellee, against Peter Christensen, defendant and appellant, for the recovery of $800 stipulated commission claimed by plaintiff to be due from defendant as commission earned on a written contract for the sale of certain real estate in Cedar County, Nebraska.

Plaintiff contends that pursuant to the contract he procured a purchaser who was ready, willing, and able to purchase the real estate but that the defendant failed and refused to perform and thus the commission became due and owing.

The defense to the action is that defendant was not the owner of the real estate hence the contract for the commission is invalid and unenforceable; and further that though he signed the instrument sued upon it was altered after he signed it and that because thereof it is

invalid as a basis for the action. Alteration was denied by plaintiff.

The case was tried to a jury. On the trial the issues of fact tendered by plaintiff were fully sustained by evidence. No detail of consequence of this evidence was denied or otherwise contravened except that the defendant disputed in an unimportant particular the date of the execution of the contract.

He however affirmatively contended that the contract had been altered after it was executed. He testified that in case plaintiff made a sale the down payment was to have been $5,000 whereas the amount appearing in the contract was $4,000. He said that this amount did not appear in the contract at the time it was signed. He testified also that the contract when signed provided that the contract was for a period of thirty days and that it had been altered so as to make the contract binding for a period of forty days and thereafter until five days' notice was given in writing. He further showed, and this is not in dispute, that he had no title to the real estate but that title at the time was in his wife.

At the conclusion of the evidence the plaintiff moved for a directed verdict in his favor. This motion was overruled, whereupon the case was submitted to the jury on the evidence and instructions of the court.

The instructions defined the issues tendered by the plaintiff. No error is predicated on this definition of issues.

The instructions also presented to the jury the question of whether or not the contract had been altered. The jury was informed by the instructions that the fact that title to the real estate was not in the defendant was not a defense to plaintiff's cause of action.

Along with the general instructions the court by specific instruction required of the jury a special finding on the question of whether or not the contract had been altered.

The jury returned a general verdict in favor of defend-

ant and a special verdict finding that the contract had not been altered.

On the same day but after the verdicts were returned the plaintiff filed a motion for judgment in his favor in accordance with the prayer of his petition.

The motion which is in terms a motion for judgment notwithstanding the verdict was sustained and judgment was accordingly entered. The judgment was for $800 together with interest and costs.

The defendant thereupon filed a motion for new trial which was overruled. From this judgment and the order overruling the motion for new trial the defendant has appealed.

The assignments of error are numerous but all of them do not require consideration. Only those that require consideration herein will be noted.

Instruction No. 12 is the one which is the basis for the special finding on whether or not the contract had been altered. The instruction is objected to on the ground that it is confusing. It is not contended that a clear instruction would have been improper.

An examination of the instruction discloses that it does contain error but none of which the defendant may be heard to complain. The instruction submits specially the question of whether or not the contract had been altered. The burden of proof of alteration was placed properly on the defendant, and of this there is no complaint. Later in the instruction the burden appears to be shifted to the plaintiff to prove by a preponderance of the evidence that the contract was not altered. It is difficult to see how a party may be heard to complain of an instruction the tendency of which is to lessen his burden but in nowise to increase it. In Hampton v. State, 148 Neb. 574, 28 N. W. 2d 322, it was said: "An instruction will not be held to be prejudicially erroneous merely because of a harmless imperfection which cannot reasonably be said to have confused or misled the jury to the prejudice

of the party complaining." See, also, Pierson v. Jensen, 150 Neb. 86, 33 N. W. 2d 462.

It was by instruction No. 7 the jury was told that the fact that the defendant did not have title to the land was no defense to the action. Of this instruction complaint is made. No complaint in this respect is justified.

Section 36-107, R. S. 1943, provides: "Every contract for the sale of lands between the owner thereof and any broker or agent employed to sell the same, shall be void, unless the contract is in writing and subscribed by the owner of the land and the broker or agent. Such contract shall describe the land to be sold, and set forth the compensation to be allowed by the owner in case of sale by the broker or agent." The source of this section is Chapter 57 of the Laws of 1897.

In Valerius v. Luhring, 87 Neb. 425, 127 N. W. 112, in interpretation and application of this provision, it was said: "The defendant then entered into a written contract with the plaintiffs as owner of the lands described, and we think that he cannot now be heard to say that he had no interest in the lands and no interest in the contract which he made. If he had sufficient interest in the land to enter into such a contract, we think he is the owner of the land within the meaning of the statute. The object of the statute is to prevent fraud in such transactions. It is not the purpose of the statute to define what shall constitute ownership. It was intended to prevent fraud, and should not be made an instrument to enable the parties thereto to perpetrate fraud on each other."

What was said in that case is equally applicable here.

The remaining pertinent assignments of error deal with the propriety of the action of the court in sustaining the motion for judgment notwithstanding the verdict and in entering judgment in favor of plaintiff.

Section 25-1315.02, R. R. S. 1943, provides that whenever a motion for a directed verdict made at the close of all the evidence is denied, the party who has moved for the directed verdict may move to have the verdict

and judgment entered thereon set aside and to have judgment entered in accordance with his motion for a directed verdict. In such case the court may allow the judgment to stand or may reopen the judgment and either order a new trial or direct the entry of judgment as if the requested verdict had been directed.

In application of this provision this court has said that where a request for a directed verdict at the close of all of the evidence has been made and overruled, the court may set aside the verdict and enter judgment in accordance with the motion. In re Estate of Farr, 150 Neb. 67, 33 N. W. 2d 454; Patrick v. Union Central Life Ins. Co., 150 Neb..201, 33 N. W. 2d 537. In re Estate of Farr was reversed in a later opinion but this principle was not disturbed.

On the evidence the plaintiff was entitled to a judgment in his favor on his cause of action, subject only to the finding of the jury on the question of whether or not the contract had been altered. The jury by its special verdict specifically found that it had not. The effect of this was to say that the general verdict was wrong and that the plaintiff was entitled to a verdict in his favor on his cause of action.

Section 25-1120, R. S. 1943, provides: "When the special finding of facts is inconsistent with the general verdict, the former controls the latter, and the court may give judgment accordingly." See, Culbertson Irrigating & Water Power Co. v. Olander, 51 Neb. 539, 71 N. W. 298, and Story v. Sramek, 108 Neb. 440, 187 N. W. 881.

Under the rule laid down in section 25-1120, R. S. 1943, and the supporting decisions it became the duty of the court to allow the special verdict to control the general one. This necessitated setting aside the general verdict.

The defendant contends substantially however that even though the special verdict shall be allowed to control the general still all the court was empowered to do was to grant a new trial. Reliance for this contention is upon Omaha Life Assn. v. Kettenbach, 55 Neb. 330, 75

N. W. 827. There it was said: "To entitle a party to a judgment on the special findings of a jury, where the general verdict is against him, such findings must establish all the ultimate facts from which his right to a judgment results as a necessary legal conclusion."

This rule, while it may be said to be sound, has no application here. The court in this case did not render judgment in favor of plaintiff on the special verdict. What the court in actuality did was to accept the finding of the jury in the special finding as determinative of the question of whether or not the contract had been altered and to enter judgment in conformity with the motion for judgment notwithstanding the verdict.

The procedure followed by the trial court conforms with the provisions of section 25-1315.02, R. R. S. 1943. The action of the court is to be sustained, as is made clear by the statutory provision, if on the record it may be said that this is the judgment to which the plaintiff was entitled. Lebs v. Mutual Benefit Health & Accident Assn., 124 Neb. 491, 247 N. W. 19; In re Estate of Drake, 150 Neb. 568, 35 N. W. 2d 417.

It appears that the judgment rendered was the only one which could have been properly rendered. As pointed out the proof of plaintiff's cause of action is complete and it stands without refutation, except that the defendant charged and sought to prove that the contract sued upon had been altered. This contention was the only defense. On this defense the jury found against the defendant. There was sufficient evidence upon which to base such a finding by the jury.

The judgment of the district court is affirmed.

AFFIRMED.