JOHN WISNIESKI, APPELLANT, V. ERNEST L. COUFAL ET AL.,
APPELLEES.

195 N. W. 2d 750

Filed March 24, 1972.   No. 38102.

Homer E. Hurt, Jr., for appellant.

Otradovsky & Bieber, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

CLINTON, J.

This is an action by plaintiff, a real estate broker, to recover from the defendants, owners of a farm, a broker's commission under the terms of a listing contract. At the close of the plaintiff's case, the motion of the defendants for a directed verdict was granted. We reverse the judgment and remand the cause for further

proceedings consistent with this opinion.

We examine the evidence in the light of the following principle: A motion for a directed verdict must for the purpose of decision thereon be treated as an admission of the truth of all material and relevant evidence submitted on behalf of the party against whom the motion is directed. Bradway v. Higgins, 152 Neb. 724, 42 N. W. 2d 627.

The plaintiff's evidence was that the plaintiff was a licensed real estate broker. He was approached by the defendant, Ernest L. Coufal, husband of the other defendant, and asked to find a buyer for their farm. As a result of this contact the farm listing contract was executed by all of the parties. The contract bore date of February 13, 1969, and was in part of follows: "IN CONSIDERATION of your agreement to list, and to offer for sale the property hereinafter described and to use your efforts to find a purchaser, I (we) hereby give you the sole and exclusive right until Mar 1, 1970 to sell 120 acres for the sum of Four hundred per acre (400.00) dollars and upon the following terms contract at 5%. . . . If a sale is made or a purchaser found before the expiration of this listing by myself (us) or any other person, at the above price and terms, or for any other price and terms I (we) may agree to accept, or if this agreement is revoked or violated by me . . . I (we) thereupon agree to pay you cash commission as follows: 5%. . . ."

The evidence further tended to establish that the defendants had orally agreed with the plaintiff that the sale would be made for $8,000 down, an annual payment of $1,800 for 10 years, and the balance at the end of that time. The plaintiff produced three buyers who were ready, willing, and able to purchase upon those terms. The defendants, however, rejected these purchasers, the first because the downpayment check was allegedly no good; the second because they felt he could not pay for it; and the third because he could not pay

for it. The plaintiff sold two of the purchasers other farms and the third otherwise purchased a farm.

Plaintiff then produced a fourth purchaser who the evidence showed was ready, willing, and able to make the purchase upon the above terms. When the check for the downpayment and the sales contract signed by these last purchasers were presented to the defendants they demanded $10,000 down and $2,000 per year. The plaintiff thereupon induced the purchasers to execute a purchase contract upon the new terms and make downpayment on that basis. The contract and checks were introduced into evidence. When the contract was presented to the defendants for signature they rejected it because they wanted more money for the farm and refused to sign it. The plaintiff then demanded his commission. The defendants refused to pay it and plaintiff brought this action.

At the trial the plaintiff offered the testimony of the defendant, Ernest L. Coufal, and by him established the execution by him and his wife of the listing contract; the legal description of the property which the defendants owned; that it contained 120 acres; and that at all times pertinent in this action it was the only farm owned by the defendants.

The defendants contend the listing contract does not meet the requirements of section 36-107, R. R. S. 1943, because: (1) The description of the property is insufficient; and (2) the terms of the proposed sale are not fully set forth in the listing contract and that this is a requirement of the statute. Section 36-107, R. R. S. 1943, requires that the contract between the broker and the owner must be in writing and subscribed by both parties. The last sentence of this section sets forth the required terms as follows: "Such contract shall describe the land to be sold, and set forth the compensation to be allowed by the owner in case of sale by the broker or agent." The position of the defendants essentially is that the case law applicable to section 36-105,

R. R. S. 1943, is applicable to section 36-107, R. R. S. 1943, and that this means the terms of the proposed sale must be set forth in the listing contract. Defendants cite Kubicek v. Kubicek, 186 Neb. 802, 186 N. W. 2d 923. The defendants' position on this point is not well taken. Section 36-107, R. R. S. 1943, requires that the listing contract must be in writing, signed by both parties, describe the land to be sold, and state the compensation. This is all it requires. The terms of the proposed sale need not be included in the listing contract. Massachusetts Mut. Life Ins. Co. v. George & Co., 148 F. 2d 42, 49; Svoboda v. De Wald, 159 Neb. 594, 599, 68 N. W. 2d 178; Holliday v. McWilliams, 76 Neb. 324, 107 N. W. 578; Bradley & Co. v. Bower, 5 Neb. (Unoff.) 542, 99 N. W. 490. Terms not required by the statute to be in writing may be supplied by parol. Bradley & Co. v. Bower, *supra.* We hold that the terms of sale need not be set forth in the listing contract, although it is of course the best practice for the parties to include the terms of sale.

Is the description in the contract sufficient? The case law on this point from the various jurisdictions is not uniform and the courts have varied in their determinations of how complete the description of the land must be in order to meet the requirements of the statute. Annotation, 30 A. L. R. 3d, Broker's Contract—Property Description, p. 935 at 962.

We have in this case a close question on the point, but we believe the description "120 acres" together with the parol evidence establishing that the defendants owned at all times relevant in this case just one farm and that it contained 120 acres is sufficient to satisfy the statute. This court has in early cases held descriptions such as the above which together with parol evidence not contradicting or varying that which appears in writing is sufficient to satisfy the terms of the statute as to description. Holliday v. McWilliams, *supra,* is such a case and there this court said: " '. . . In such cases

parol evidence is not used to vary, contradict or control the written contract of the parties, but to apply it to the subject matter, and thereby to render certain what would otherwise be doubtful and indefinite.' To the same effect is the holding of our own court in Ballou v. Sherwood, 32 Neb. 666, and Adams v. Thompson, 28 Neb. 53; . . . ." See, also, Powers v. Bohuslav, 84 Neb. 179, 120 N. W. 942; Ruzicka v. Hotovy, 72 Neb. 589, 101 N. W. 328.

If, of course, even after the parol evidence is supplied the court could not be certain the land is the tract referred to in the contract, the description would be insufficient. See, Howell v. North, 93 Neb. 505, 140 N. W. 779; McCarn v. London, 83 Neb. 201, 119 N. W. 251. The latter case was one for specific performance of a land contract. The description was the north . . . . . feet of a certain lot. Defendant owned the entire lot. The description was held insufficient to satisfy the statute.

The court should not have directed the verdict against the plaintiff. A broker earns his commission and becomes entitled thereto when he produces a purchaser who is ready, able, and willing to purchase at a price and upon terms specified by the principal or satisfactory to him. This right to compensation is not impaired by the subsequent inability or unwillingness of the owner to consummate the sale on the terms prescribed. Jones v. Stevens, 36 Neb. 849, 55 N. W. 251; Larson v. Syverson, 84 S. D. 31, 166 N. W. 2d 424.

The judgment is reversed and the cause remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED.