DaLee Realty, Inc., a corporation,
Appellant and Cross-Appellee, v.
Donald Kuhl and Vayle Kuhl, husband and wife,
Appellees and Cross-Appellants.

305 N.W.2d 891

Filed May 22, 1981. No. 43254.

Warren L. Reimer of Ptak, Ptak & Reimer for appellant.

Olds, Swarts & Ensz for appellees.

Heard before KRIVOSHA, C.J., WHITE, and HASTINGS, JJ., and HENDRIX and KNAPP, District Judges.

HENDRIX, District Judge.

This is an action by the plaintiff, DaLee Realty, Inc., a real estate broker, to recover commission upon a listing contract between plaintiff and defendants, Donald Kuhl and Vayle Kuhl, the owners of land, buildings, fixtures, bees, and equipment which were for sale. A jury was waived, and the case tried to the court on stipulated facts. The district judge found against the plaintiff for commission, but for the plaintiff for expenses in the sum of $2,064.24. The plaintiff appealed and the defendants cross-appealed.

We affirm the denial of commission and reverse the allowance of expenses.

The listing contract is entitled "Farm Listing Contract," is a form contract, and states that it was approved by the Nebraska Realtors Association in 1972. It contains two printed provisions particularly important to the resolution of the controversy. The first of these to appear provides for the payment of a commission of 7 percent of the sale price upon the happening of any of a number of certain events, among them one stating, "If a sale is made, or a purchaser found, who is ready, willing and able to purchase the property . . . ." The second of these provides for the payment of expenses incurred by the agent on conditions stating, "If a Purchase Agreement is entered into and subseouent thereto, any earnest money payment is returned in full to the prospective purchaser for any reason . . . ."

After the parties entered into the listing contract, plaintiff secured a prospective buyer by the name of Lyle DeBrunner. Mr. DeBrunner's attorney prepared a document entitled "Purchase Agreement," which was executed by defendants and Mr. DeBrunner on March 7, 1978. The agreement contained complete and full terms of purchase for the sum of $265,000. However, one of the provisions called for a downpayment of $1,000 in escrow by the prospective purchaser, and further stated: "If Buyer does not accept the terms of this contract on or before March 15, 1978, the earnest money shall be returned to Buyer and this contract shall be null and void." On March 15, 1978, Lyle DeBrunner notified the escrow agent and one of the defendants that he was not exercising his right to purchase. The transaction was never consummated.

Both the listing contract and the purchase agreement recited that among the items for sale were 1,800 colonies (of bees). The parties stipulated that if Lyle DeBrunner were called to testify, he would testify that

he did not exercise his right to purchase because he counted 860 beehives in Texas. It was further stipulated that if defendants were called to testify, they would testify that the maximum number of beehives which the defendant Donald Kuhl had would be 1,400. It was further stipulated that the plaintiff's expenses incurred relative to the listing contract were $2,064.24.

Under the agreement between Lyle DeBrunner and the defendants, Lyle DeBrunner had the option to make the purchase. He had no obligation to complete the transaction until or unless he exercised his option by acceptance of the contract on or before March 15, 1978. This he did not do, and in fact notified the defendants that he was not accepting the contract. On March 7, 1978, Mr. DeBrunner was only ready, willing, and able to execute a contract giving him an option to buy. He was not ready, willing, and able to buy. On March 15, 1978, Mr. DeBrunner was, of course, still not willing to buy.

It is the general rule that a broker is not entitled to a commission for producing a prospective buyer willing only to execute an option. 12 C.J.S. *Brokers* § 149b (1980); 12 Am. Jur. 2d *Brokers* § 188 (1964). More specifically, a broker is not entitled to a commission unless he has substantially performed what he has undertaken by his contract of employment. *Willard v. Preston*, 92 F.2d 851 (8th Cir. 1937). Since the plaintiff has not substantially performed, it is not entitled to recover commission.

The fact that there were fewer beehives than stated does not change this conclusion. This is not a suit for fraud or misrepresentation, nor is it a suit for damages. It is, instead, a suit on contract, alleging full performance. There has been no performance of the contract. There is, of course, an exception to the general rule which may allow recovery of commission in cases where the seller prevents the exercise of the option. Annot., 32 A.L.R.3d 321 at 339 (1970). While the shortage of bees may have been the reason for a failure

to exercise the option, there is no evidence that the seller prevented the exercise of the option.

The cross-appeal requests reversal of allowance of plaintiff's expenses incurred, on the theory that the instrument denominated "Purchase Agreement" was in reality an "Option Contract" and does not qualify under the conditions of the listing contract. We find this to be a correct position. It should be noted that the character of an instrument is determined not by the name which the parties have given it but by the nature of the obligation which it imposes. *Johnson v. Fitzke*, 234 Minn. 216, 48 N.W.2d 37 (1951). The agreement involved here imposes only an option. It should be further noted that purchase agreements and option contracts are mutually exclusive. A purchase agreement, or an agreement to purchase, is the contract by which one agrees to sell and the other to buy. An option is only a binding offer to sell or to buy. 77 Am. Jur. 2d *Vendor and Purchaser* § 28 (1975); 91 C.J.S. *Vendor and Purchaser* § 5 (1955). The instrument cannot be both.

Lastly, any ambiguity must be construed against plaintiff. Where a contract is on a regular printed form prepared by one party, an ambiguous provision in the printed portion should be construed most strictly against such party. *Lyman-Richey Sand & Gravel Co. v. State*, 123 Neb. 674, 243 N.W. 891 (1932).

The judgment of the District Court is affirmed as to the denial of commission, reversed as to the allowance of expenses, and it is directed that plaintiff's petition be dismissed at plaintiff's costs.

AFFIRMED IN PART, AND IN PART REVERSED WITH DIRECTIONS TO DISMISS.