ROBERT ARMSTRONG, APPELLEE, V. HARTFORD LIFE INSURANCE COMPANY, A CORPORATION, APPELLANT.

361 N.W.2d 511

Filed February 1, 1985.   No. 83-699.

Clark G. Nichols of Winner, Nichols, Douglas and Kelly, for appellant.

Howard P. Olsen, Jr., of Raymond, Olsen, Ediger & Ballew, P.C., for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

WHITE, J.

Defendant, Hartford Life Insurance Company, appeals from a judgment of the district court for Scotts Bluff County in

favor of plaintiff, Robert Armstrong. A jury was waived and trial was had to the court.

Hartford assigns nine errors, but they may be appropriately placed in two categories. First, the evidence fails to factually support the trial court's judgment, and second, the trial court erred in failing to find that any repudiation of an offer by Hartford was retracted, thus clearing any breach.

In reviewing an appeal from a judgment in a law action, this court does not reweigh the facts. Instead, it examines the evidence to determine whether, under a view most favorable to the prevailing party, the facts support the trial court's judgment. *Morfeld v. Bernstrauch*, 216 Neb. 234, 343 N.W.2d 880 (1984).

Stated in a manner most favorable to Armstrong's position, the following is established by the evidence.

Armstrong, at all times pertinent to this case, was engaged in the business of an independent insurance agent and broker in Scottsbluff, Nebraska. The Masek company was a customer of Armstrong. In 1982 Masek representatives contacted Armstrong with reference to Masek's employees profit-sharing and pension funds. At that time the funds supplied by Masek were on deposit in a Casper, Wyoming, bank and supervised by the bank's employees. The Masek representatives were not satisfied with the rate of return on the invested funds. As Armstrong was not familiar with pension fund management, he spoke with Gary Hohnholt, an independent agent in Omaha, Nebraska. Hohnholt suggested that Armstrong contact Bill Andria, an employee of Hartford at Shawnee Mission, Kansas.

On September 1, 1982, Hartford sent a proposal to Armstrong for presentation to Masek. The proposal was presented to Masek, and extended discussions and correspondence took place between Andria (Hartford), Armstrong, and Masek, culminating in a letter of September 15, 1982, further explaining Hartford's proposal. The language that gives rise to the dispute is contained in the third to the last paragraph of the letter.

> I must suggest that you secure a signed application and a binder check of $1,000. With regard to transferred assets, I have permission from my Home Office to offer your

client on a special arrangement basis, the above mentioned transferred asset guarantees if they are able to move their assets to The Hartford within 60 days of signing the application. Should they not be able to do so, the guarantee would drop by 50 basis points to 14.5% for 1983 through '86.

On October 22, 1982, a completed application and Masek's check for $1,000 were received by Hartford.

A representative of Masek called on the bank at Casper to discuss arrangements for the transfer of the pension funds. The bank informed the Masek representative that 30 days were required to transfer the funds.

Thereafter, on October 29, 1982, Hartford contacted Armstrong and informed him that Hartford was imposing a deadline of November 15 on the transfer of the funds. On November 1, 1982, Armstrong was informed in a telephone conversation with another Hartford representative that the deadline would be lowered to November 8. However, on November 4, 1982, still another Hartford representative informed Armstrong and Masek that Hartford had reconsidered and reinstated the 60-day term. Fred Masek, acting for the company, refused, considering the transaction to have been terminated by reason of Hartford's change of terms. This action for commission payment followed.

The parties do not dispute that a commission was promised by Hartford to Armstrong, nor do they dispute the amount ordered to be paid by the trial court.

In its answer to Armstrong's petition Hartford admitted that Armstrong was a resident of Scotts Bluff County, Nebraska, and that Hartford was a foreign corporation doing business in Nebraska. Hartford denied all other allegations of the petition, which alleged facts substantially similar to those stated above.

It is an elementary principle of law that when a broker produces a purchaser ready, willing, and able to enter into the subject transaction, the broker is entitled to the promised commission. *Cornett v. Nathan*, 196 Neb. 277, 242 N.W.2d 855 (1976); *Fleming Realty & Ins., Inc. v. Evans*, 199 Neb. 440, 259 N.W.2d 604 (1977). An agreement to pay a commission is binding on the principal despite the refusal or default on the

part of the principal to complete the transaction based on the terms agreed to. *Dworak v. Michals*, 211 Neb. 716, 320 N.W.2d 485 (1982).

Hartford argues here, however, that the rule does not pertain when before the promisee has acted to its detriment the promisor withdraws the repudiation and reinstates the offer. Restatement (Second) of Contracts § 256(1) (1981).

We will not consider Hartford's contention for the first time here. Issues not properly raised in the pleadings nor litigated at trial will not generally be considered for the first time on appeal. *Columbus Bank & Trust Co. v. High Country Stable*, 202 Neb. 724, 277 N.W.2d 81 (1979); *Kansas-Nebraska Nat. Gas Co., Inc. v. Hawkeye-Security Ins. Co.*, 195 Neb. 658, 240 N.W.2d 28 (1976).

Neb. Rev. Stat. § 25-811 (Reissue 1979) provides: "The answer shall contain . . . (2) a statement of any new matter constituting a defense . . . in ordinary and concise language . . . ."

Hartford cannot be permitted to deny the existence of a contract for a commission, the existence of a proposed offer and its acceptance, and the repudiation of the offer, and then be permitted to excuse itself by urging reinstatement of an offer it denies existed.

The assignments of error are meritless. The judgment of the district court is affirmed.

AFFIRMED.