MARATHON REALTY CORPORATION, A NEBRASKA CORPORATION,
APPELLEE, V. ALVIN E. GAVIN, APPELLANT.

398 N.W.2d 689

Filed January 2, 1987.    No. 85-405.

John E. Rice, for appellant.

Joseph L. Leahy, Jr., of Epstein & Leahy, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

CAPORALE, J.

Following a bench trial, plaintiff-appellee, Marathon Realty Corporation, a Nebraska corporation, recovered a $21,000 judgment against defendant-appellant, Alvin E. Gavin, for a commission arising from the sale of certain realty. Gavin assigns as errors the trial court's findings that (1) Marathon was the efficient procuring cause of the sale, (2) the agreement between Marathon and Gavin had not expired prior to the sale, and (3) Gavin, although only a joint owner of the real estate, is responsible to Marathon for the entire commission. We affirm.

On December 8, 1981, Marathon and Gavin executed a written agreement whereby Marathon undertook to sell, within the ensuing 12 months, certain realty in Sarpy County to a prospective buyer whose identity was known to Marathon but not to Gavin. The agreement recited that Gavin was the owner of the realty; in truth and fact, however, he owned it jointly with his estranged wife. The agreement further provided that if the sale were made, Gavin would pay Marathon a commission of 6 percent of the gross sales price. Within the next 2 or 3 weeks, Marathon and Gavin executed a second written agreement, also dated December 8, 1981, which was identical to the first except that the second agreement identified Albertson's Supermarkets of Boise, Idaho, as the prospective buyer. Gavin's wife signed neither of the aforedescribed agreements.

Marathon had had a contact with Albertson's prior to December 8, 1981, at which Marathon learned of Albertson's possible interest in acquiring the realty in question. After the first agreement was signed, Marathon, through a series of telephone calls, correspondence, and in-person conversations, provided Albertson's with information concerning the realty. Much of that information was acquired from Gavin.

On July 9, 1982, Gavin and his wife signed a document, prepared by Albertson's and transmitted to them through Marathon, which granted Albertson's an option to purchase the realty in question. That document provided that the Gavins

would pay Marathon a 6-percent commission. Albertson's, however, rejected that option and, instead, on October 18, 1982, accepted a different option which it had also prepared and transmitted directly to the Gavins. This second option made no provision for the payment of a commission to Marathon but did provide that "[a]ll brokerage commissions" were to be paid by the Gavins. It appears that Marathon had no contact with Albertson's after presenting the first option to the Gavins.

The option accepted by Albertson's expired, as extended, on October 13, 1983. On that date the Gavins executed a general warranty deed conveying the subject realty to Albertson's. On October 14, 1983, the Gavins received $350,000 from Albertson's, and the deed which had been executed the previous day was filed with the register of deeds. Marathon was not permitted to participate in these transactions, although it had sought to do so. Gavin refused to pay Marathon any commission, and this suit followed.

Having reviewed the facts, we proceed to a consideration of Gavin's assignments of error. In doing so it is to be kept in mind that where in a law action a jury has been waived, the findings and will not be set aside unless they are clearly wrong. *Chlopek v. Schmall, ante* p. 78, 396 N.W.2d 103 (1986); *Kreikemeier v. McIntosh,* 223 Neb. 551, 391 N.W.2d 563 (1986); *Lis v. Moser Well Drilling & Serv.,* 221 Neb. 349, 377 N.W.2d 98 (1985).

Gavin's first assignment of error is based on the rule that in order for a broker employed to secure a purchaser of realty to recover a commission, his or her efforts must be the efficient procuring cause of the sale. *Abboud v. Cir Cal Stables,* 190 Neb. 396, 208 N.W.2d 682 (1973). The efforts of such a broker have been the efficient procuring cause of the sale when the broker has secured a prospective purchaser who is ready, willing, and able to buy the property on terms and conditions upon which the broker is authorized to secure a purchaser, or on terms acceptable to the seller. *Oehlrich v. Gateway Realty of Columbus, Inc.,* 209 Neb. 417, 308 N.W.2d 327 (1981); *Huston Co. v. Mooney,* 190 Neb. 242, 207 N.W.2d 525 (1973); *Wisnieski v. Coufal,* 188 Neb. 200, 195 N.W.2d 750 (1972). Cf.

Having reviewed the facts, we proceed to a consideration of Gavin's assignments of error. In doing so it is to be kept in mind that where in a law action a jury has been waived, the findings and judgment of the trial court have the effect of a jury verdict and will not be set aside unless they are clearly wrong. *Chlopek v. Schmall, ante* p. 78, 396 N.W.2d 103 (1986); *Kreikemeier v. McIntosh,* 223 Neb. 551, 391 N.W.2d 563 (1986); *Lis v. Moser Well Drilling & Serv.,* 221 Neb. 349, 377 N.W.2d 98 (1985).

Gavin's first assignment of error is based on the rule that in order for a broker employed to secure a purchaser of realty to recover a commission, his or her efforts must be the efficient procuring cause of the sale. *Abboud v. Cir Cal Stables,* 190 Neb. 396, 208 N.W.2d 682 (1973). The efforts of such a broker have been the efficient procuring cause of the sale when the broker has secured a prospective purchaser who is ready, willing, and able to buy the property on terms and conditions upon which the broker is authorized to secure a purchaser, or on terms acceptable to the seller. *Oehlrich v. Gateway Realty of Columbus, Inc.,* 209 Neb..417, 308 N.W.2d 327 (1981); *Huston Co. v. Mooney,* 190 Neb. 242, 207 N.W.2d 525 (1973); *Wisnieski v. Coufal,* 188 Neb. 200, 195 N.W.2d 750 (1972). Cf.

*Armstrong v. Hartford Life Ins. Co.*, 219 Neb. 128, 361 N.W.2d 511 (1985). Efforts which produce a series of unbroken, continuous events culminating in the sale of realty are the efficient procuring cause of the sale, notwithstanding the fact that such efforts may not be the sole cause of the sale. See *United Farm Agency of Ala. v. Green*, 466 So. 2d 118 (Ala. 1985).

The evidence establishes that Marathon brought the fact of Albertson's interest in the realty to Gavin's attention and performed a number of services which assisted Albertson's in making its decision to buy. Under that circumstance it cannot be said the trial court's finding that Marathon's efforts were the efficient procuring cause of the sale is clearly wrong. Thus, the first assignment of error is without merit.

Gavin's second assignment, that his agreement with Marathon had expired prior to the sale, rests on the facts that Albertson's signed a mere option to purchase realty and that the sale was not completed until a day after that option had expired.

It is true that where the seller does not prevent the exercise of the option, a broker is not entitled to a commission for producing a prospective buyer willing to execute only an option to purchase realty. *DaLee Realty, Inc. v. Kuhl*, 209 Neb. 6, 305 N.W.2d 891 (1981). This is so because an option in and of itself does not create a binding obligation to either sell or purchase the realty. See *Struempler v. Peterson*, 190 Neb. 133, 206 N.W.2d 629 (1973). However, once an option to purchase is exercised, it becomes a contract for the purchase and sale of the realty. *Struempler v. Peterson, supra*. Thus, when Albertson's exercised the second option, a contract came into existence obligating Albertson's to buy and the Gavins to sell the realty. That option was exercised on October 13, 1983; consequently, Marathon's efforts produced a purchaser who was ready, willing, and able to buy the realty on terms acceptable to Gavin within the period his agreement with Marathon was in existence.

Moreover, the deed conveying title to the realty from the Gavins to Albertson's was executed within the period the option

existed. That the purchase price was paid the day after the option expired does not alter the fact that it was the contract created by the option which was fulfilled. Thus, the trial court's finding that the agreement between Marathon and Gavin had not expired prior to the sale is correct, and Gavin's second assignment of error fails.

In connection with his third and last assignment, Gavin urges that in no event should he be held liable for more than one-half of the commission, as he was but a joint owner of the realty.

Nebraska law provides that every contract between the owner and any broker or agent employed to sell land is void unless the contract is in writing and subscribed by both the owner and the broker or agent. The contract must also describe the land to be sold and set forth the compensation to be allowed by the owner in case of sale by the broker or agent. Neb. Rev. Stat. § 36-107 (Reissue 1984). The agreement between Marathon and Gavin complied with these requirements. It is to be noted at the outset that this suit does not concern itself with Gavin's rights, if any, against his wife, only with Marathon's rights against Gavin as a signatory to an agreement which recited that he was the owner of the realty.

The law of this jurisdiction has long been that one who is a joint owner of realty but represents himself or herself to be the sole owner thereof may not avoid full payment of an agreed commission on the ground that another also has an interest in the property. *Koliha v. Jonas*, 98 Neb. 790, 154 N.W. 556 (1915); *Bell v. Stedman*, 88 Neb. 625, 130 N.W. 257 (1911); *Valerius v. Luhring*, 87 Neb. 425, 127 N.W. 112 (1910). See, also, *Sohler v. Christensen*, 151 Neb. 843, 39 N.W.2d 837 (1949). When the broker secures a prospective buyer who is ready, willing, and able to purchase the subject property, the person who hired the broker has received the service for which he or she has contracted, and the broker's right to compensation cannot be impaired by either the subsequent inability or unwillingness of a purported owner to consummate the sale on the terms prescribed, *Wisnieski v. Coufal*, 188 Neb. 200, 195 N.W.2d 750 (1972), or by said owner's inability to convey good title to real estate because of the failure to obtain a joinder in the conveyance by a third party who has an interest in the land,

*Peters v. Dreger*, 146 Neb. 670, 21 N.W.2d 436 (1946). There is no legal merit to Gavin's third assignment. The agreement which Gavin signed recited that the broker would recover a commission if the prospective buyer purchased the property. Gavin received the service for which he contracted and must now pay the agreed consideration for that service.

Since the record does not sustain any of Gavin's assignments of error, the judgment of the trial court is affirmed.

AFFIRMED.