THE TRAVELERS INDEMNITY COMPANY, A CORPORATION, ASSIGNEE, APPELLANT, V. THE CENTER BANK, A CORPORATION, APPELLEE.

275 N. W. 2d 73

Filed February 6, 1979. No. 41811.

Daniel J. Duffy and Patrick B. Donahue of Cassem, Tierney, Adams & Gotch, for appellant.

Ronald H. Stave, Michael P. Cavel, and Lee H. Hamann of the Law Offices of Emil F. Sodoro, P.C., for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, and BRODKEY, JJ., and RONIN and NORTON, District Judges.

KRIVOSHA, C. J.

This is an action based upon the alleged negligence of the appellee bank in failing to know or ascertain the identity and authority of its depositor establishing an account with it under a corporate name. In response to the appellant's first amended petition, the appellee filed a demurrer. The trial court sustained the demurrer and dismissed appellant's petition. Appellant thereafter appealed to this court. We affirm.

Appellant alleged in its first amended petition that it was the assignee of the Nebraska Consolidated Mills Company (Nebraska Consolidated). The petition alleged that in June of 1969 a certain checking account was established at the appellee bank by one William Piper in the name of C. C. Leasing Company. It was further alleged that at that time, said William Piper was an employee of Nebraska Consolidated and his duties included handling Nebraska Consolidated's leasing program in relation to the fixed asset area. The petition alleged, however, that Piper was not acting as an agent or employee of

Nebraska Consolidated in establishing said account.

Subsequently, it was alleged that the said Piper induced Nebraska Consolidated to issue certain checks made payable to a third party and further induced Nebraska Consolidated to deliver the same to Piper. Thereupon, without authority, Piper supplied the endorsements of the third party-payee (C. C. Leasing Co.) and deposited said checks in the defendant bank checking account opened by Piper in the name of C. C. Leasing Co. The petition further alleged that in turn he, Piper, transferred the money out of said account and used the funds for his own personal ventures, none of which were authorized by Nebraska Consolidated nor were for the benefit of Nebraska Consolidated.

Finally, the petition alleged that the appellee "by its negligence, proximately caused Nebraska Consolidated Mills Company to suffer the loss of said funds by its negligence hereinafter more fully set out: (A) Its failure to make reasonable and proper inquiry as to Piper's authority to make use of such checks of Nebraska Consolidated Mills Company; [and] (B) to make reasonable and proper inquiry of Piper's authority to act for the payee named on each of said checks."

Appellant acknowledges that under the provisions of section 3-405, U. C. C., the appellee bank is absolved of all liability for accepting the endorsement of Piper on the Nebraska Consolidated checks. Section 3-405, U. C. C., provides: "(1) An endorsement by any person in the name of a named payee is effective if * * * (c) an agent or employee of the maker or drawer has supplied him with the name of the payee intending the latter to have no such interest."

Appellant maintains that although the above referred to provisions of the Uniform Commercial Code absolve the bank under normal conditions, nevertheless, the bank may still be liable to Nebras-

ka Consolidated for an action sounding in tort based upon the bank's negligence.

It is true that there are cases which may be found to the effect that the protection of section 3-405, U. C. C., does not overcome the negligence of a bank. Notwithstanding the provisions of section 3-405, U. C. C., a bank may nevertheless be liable to a drawer when it, the bank, has acted negligently. However, a reading of those cases discloses that before such negligence may arise there must be some showing that the bank was either placed on such notice as to require further investigation or acted in a manner which was commercially unreasonable. Employers' Liability Assurance Corp., Ltd., v. Hudson River Trust Co., 250 App. Div. 159, 294 N. Y. S. 698; Wright v. Bank of California, 276 Cal. App. 2d 485, 81 Cal. Rptr. 11; Scottsbluff Nat. Bank v. Blue J Feeds, Inc., 156 Neb. 65, 54 N. W. 2d 392; American Surety Co. v. Smith, Landeryou & Co., 141 Neb. 719, 4 N. W. 2d 889.

In the absence of such facts, a bank is not considered negligent in accepting deposits with forged endorsements where the agent or employee of the maker or drawer has supplied the maker or drawer with the name of the payee intending the latter to have no such interest.

The justification for such rule is set out in note four following section 3-405, U. C. C., as follows: "Paragraph (c) is new. It extends the rule of the original subsection 9 (3) to include the padded payroll cases, where the drawer's agent or employee prepares the check for signature or otherwise furnishes the signing officer with the name of the payee. The principle followed is that the loss should fall upon the employer as a risk of his business enterprise rather than upon the subsequent holder or drawee. The reasons are that the employer is normally in a better position to prevent such forgeries by reasonable care in the selection or supervision of

his employees, or, if he is not, is at least in a better position to cover the loss by fidelity insurance; and that the cost of such insurance is properly an expense of his business rather than of the business of the holder or drawee."

Appellant alleges that Nebraska Consolidated suffered a loss by reason of the bank's negligence in failing to make reasonable and proper inquiry as to the Nebraska Consolidated agent's authority to make use of such checks. This is the very situation contemplated by section 3-405, U. C. C., and in the absence of any allegation that the bank either had actual notice or facts sufficient to put it on constructive notice, or in some manner acted in a commercially unreasonable manner, no duty arises which requires the bank to make further investigation. One cannot, therefore, be negligent in failing to perform an act which it did not in the first instance have a duty or obligation to perform. Braswell Motor Freight Lines, Inc. v. Bank of Salt Lake, 28 Utah 2d 347, 502 P. 2d 560; Prudential Ins. Co. v. Marine Nat. Exch. Bank of Milwaukee, 371 F. Supp. 1002 (E. D. Wis., 1974); Fair Park Nat. Bank v. Southwestern Inv. Co., 541 S. W. 2d 266 (Tex. Civ. App.). We must, therefore, accordingly hold an allegation that the appellee bank failed to make reasonable and proper inquiry as to the maker agent's authority to make use of such checks, without more, fails to allege the violation of any duty owed by the bank to the maker, and therefore cannot constitute an allegation of negligence.

Likewise, the appellant's second claim of negligence must also fail. Appellant alleges that the Center Bank by its negligence proximately caused Nebraska Consolidated to suffer a loss in that the bank negligently failed "To make reasonable and proper inquiry of Piper's authority to act for the *payee* named on each of said checks." (Emphasis supplied.) While it may be true that in an appropri-

ate case a bank may owe a duty to a payee to inquire as to one's authority to act on behalf of the payee, the claim made herein does not give rise to such duty. In essence the appellant here is claiming that by reason of the bank's failure to fulfill an alleged duty owed to the payee, the maker was caused to suffer a loss.

For there to be an action for negligence, the alleged act must be the proximate cause of the injury suffered. "Proximate cause," as used in the law of negligence, is that cause which in the natural and continuous sequence, unbroken by an efficient intervening cause, produces the injury and without which the injury would not have occurred. Warren v. Bostock, 170 Neb. 203, 102 N. W. 2d 55. Even where conduct is negligent, it is still required that the conduct be a substantial factor in bringing about the harm. Causation in this sense inevitably involves the idea of responsibility. It is not enough that the harm would not have occurred had the individual defendant not been negligent. Landmesser v. Ahlberg, 184 Neb. 182, 166 N. W. 2d 124.

In the case of Daniels v. Andersen, 195 Neb. 95, 237 N. W. 2d 397, we had occasion to review the basic requirements in establishing proximate cause. We there said the first requirement is that the negligence be such that " 'without which the injury would not have occurred,' commonly known as the 'but for' rule." While it is true that inquiry made by the appellee bank to the payee may have uncovered the fraud, certainly such failure to call did not create the mechanism by which the injury to Nebraska Consolidated first occurred. The injury came about by reason of Nebraska Consolidated's failure to employ an honest employee and to verify its own payables. Whatever may be said with regard to the bank's failure to call the payee can be said with equal force in connection with the maker's failure to ascertain the validity of the statement for which the checks were drawn.

The second basic requirement in establishing proximate cause is that the injury be the natural and probable result of the negligence. Daniels v. Andersen, *supra*. There is no allegation in the petition, nor are there any facts in the petition, from which it can be said that the injury was the natural and probable result of the negligence. It may well be that such an allegation could have been made. On that point we do not pass. Such an allegation, however, was not made. The mere claim that the bank failed to "make reasonable and proper inquiry" of the payee is not sufficient to allege any fact from which it can be concluded that the maker's loss was the "natural and probable result" of such failure. Again, without passing upon the matter, it may be said that the payee could have made such claim. Certainly that claim is not available to the maker.

The third requirement referred to in Daniels v. Andersen, *supra*, is not relevant for the purpose of examining the sufficiency of a petition and therefore need not be discussed. Nevertheless it is clear from the facts as alleged in the petition that the bank's failure to make inquiry of the payee, if such duty existed, did not proximately cause appellant's injury. That being the case, the appellant failed to allege facts upon which relief could be granted. The trial court therefore was correct in sustaining the demurrer. The judgment is affirmed.

AFFIRMED.