JOHN MCGINN, APPELLANT, V. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, APPELLEE.

689 N.W.2d 802

Filed November 19, 2004.    No. S-03-597.

Christopher D. Jerram, of Kelley & Lehan, P.C., and Thomas B. Cowart, of Law Offices of Windle Turley, P.C., for appellant.

Joseph K. Meusey, Marck C. Laughlin, and Jeremy B. Morris, of Fraser, Stryker, Meusey, Olson, Boyer & Bloch, P.C., for appellee.

Wright, Connolly, Gerrard, Stephan, and Miller-Lerman, JJ.

Miller-Lerman, J.

## NATURE OF CASE

Mary Lyn Lynch and Thomas Lynch initiated this case in the district court for Douglas County as a class action suit against State Farm Mutual Automobile Insurance Company (State Farm), their automobile insurance carrier. In their first "cause of action," based on contract, the Lynches challenged the administration of the "medical payments coverage" provided to them in their State Farm automobile insurance policy. The Lynches generally alleged throughout all their six "causes of action" that members of the purported class paid premiums for indemnity coverage but that State Farm instead delivered managed care coverage of lesser value. At the time this appeal was filed, the Lynches' case was proceeding but no class had been certified.

On August 26, 2002, the Lynches filed their ninth amended petition in which appellant, John McGinn, was added as a putative class representative. The ninth amended petition (sometimes referred to hereinafter as "petition") is the operative petition for purposes of this appeal. Because Nebraska's new rules of pleading apply to "civil actions filed on or after January 1, 2003," and this action was filed prior to that date, State Farm's challenge to the adequacy of the petition was in the form of a demurrer. See Neb. Ct. R. of Pldg. in Civ. Actions 1 (rev. 2003); *Kubik v. Kubik, ante* p. 337, 683 N.W.2d 330 (2004).

In its demurrer to the ninth amended petition, State Farm claimed that the petition did not state facts sufficient to constitute a cause of action. The district court sustained the demurrer as to McGinn's claims, dismissed those claims without leave to replead, and struck McGinn as a party to the lawsuit. McGinn was permitted to appeal pursuant to Neb. Rev. Stat. § 25-1315 (Cum. Supp. 2002). McGinn challenges the district court's order sustaining State Farm's demurrer. We affirm.

## STATEMENT OF FACTS

The facts as alleged in the petition are as follows: On August 18, 1995, Mary Lynch was involved in an automobile accident in Omaha, Nebraska, when her car was struck from behind by

another vehicle. As a result of the collision, Mary Lynch allegedly sustained personal injuries necessitating medical treatment. Mary Lynch submitted a claim to State Farm pursuant to her medical payments coverage, seeking payment for the medical treatment she had received as a result of the August 18 automobile accident. The record reflects that at the time of her accident, Mary Lynch's medical payments coverage provision provided as follows:

> We [State Farm] will pay reasonable medical expenses incurred, for *bodily injury* caused by accident, for services furnished within three years of the date of the accident. These expenses are for necessary medical, surgical, X-ray, dental, ambulance, hospital, professional nursing and funeral services, eyeglasses, hearing aids and prosthetic devices. . . .
>
>  . . . .
>
> We have the right to make or obtain a utilization review of the medical expenses and services to determine if they are reasonable and necessary for the *bodily injury* sustained.

(Emphasis in original.)

State Farm denied Mary Lynch's claim. Thereafter, the Lynches filed the instant class action on behalf of themselves and "all others similarly situated," claiming, in summary, that State Farm engaged in a "scheme" in which it sold them and the members of the class automobile insurance policies and "billed the class members for traditional indemnity medical payments coverage, while actually delivering to them a medical cost containment/managed care program," allegedly a lesser type of coverage. In their petition, the Lynches asserted six separate "causes of action," to wit: breach of contract; breach of the covenant of good faith and fair dealing; violation of the Uniform Deceptive Trade Practices Act, Neb. Rev. Stat. § 87-301 et seq. (Reissue 1999); fraud; unjust enrichment; and violation of the Consumer Protection Act, Neb. Rev. Stat. § 59-1601 et seq. (Reissue 1998). Each "cause of action" refers to and is dependent on the existence of the insurance policy contract at issue. Among their various prayers for relief, the Lynches sought damages and a partial refund of the premiums paid for the insurance.

On August 26, 2002, the district court granted the Lynches leave to file a ninth amended petition, adding McGinn as an additional plaintiff and class representative. McGinn purportedly represented

himself and other policyholders who have medical payments coverage in their State Farm automobile insurance policies, but who have not filed a claim under that coverage, and thus, have not had a claim denied.

On September 13, 2002, State Farm filed a demurrer to the ninth amended petition, asserting, inter alia, that the allegations of the petition failed to state facts sufficient to constitute a cause of action. In an order filed January 23, 2003, the district court sustained the demurrer, dismissed McGinn's claims without leave to replead, and struck McGinn as a plaintiff.

In its January 23, 2003, order, the district court reviewed the petition and in connection with McGinn's breach of contract claim reasoned that McGinn's allegations under the ninth amended petition failed to state a cause of action, because "McGinn ha[d] not filed a claim with State Farm and as a result there ha[d] been no denial of a McGinn claim." The district court dismissed all of McGinn's remaining claims under the same reasoning.

On May 9, 2003, the district court entered an order under § 25-1315, concluding that there was "no just reason" for delay and entering judgment in State Farm's favor as to McGinn's claims in the ninth amended petition. Thereafter, McGinn filed the instant appeal. According to the parties, the Lynches' claims against State Farm, encompassing policyholders who have filed a claim and been denied, have been proceeding in the district court during the pendency of the instant appeal.

## ASSIGNMENTS OF ERROR

On appeal, McGinn assigns two errors. McGinn claims, restated, that the district court erred (1) in sustaining State Farm's demurrer and dismissing McGinn and the class members he represented from the suit and (2) in sustaining State Farm's demurrer, because a demurrer is not the proper method by which to challenge class status.

## STANDARDS OF REVIEW

In an appellate court's review of a ruling on a demurrer, the court is required to accept as true all the facts which are well pled and the proper and reasonable inferences of law and fact which may be drawn therefrom, but not the conclusions of the pleader. *Kubik v. Kubik, ante* p. 337, 683 N.W.2d 330 (2004);

*Rodehorst v. Gartner*, 266 Neb. 842, 669 N.W.2d 679 (2003). In determining whether a cause of action has been stated, a petition is to be construed liberally; if, as so construed, the petition states a cause of action, the demurrer is to be overruled. *Id.* Whether a petition states a cause of action is a question of law, regarding which an appellate court has an obligation to reach a conclusion independent of that of the trial court. *Id.*

## ANALYSIS

### FAILURE TO STATE CAUSE OF ACTION

In the petition, the following "causes of action" were asserted: breach of contract; breach of the covenant of good faith and fair dealing; violation of the Uniform Deceptive Trade Practices Act, § 87-301 et seq.; fraud; unjust enrichment; and violation of the Consumer Protection Act, § 59-1601 et seq. In sustaining State Farm's demurrer as to each of McGinn's claims under the ninth amended petition, the district court noted that McGinn had not filed a claim under the medical payments coverage provision of his policy and, therefore, had not had a claim denied by State Farm. The district court, in sustaining State Farm's demurrer, initially assessed these facts relative to McGinn's contract allegations and, thereafter, as to all of the "causes of action" as they pertained to McGinn.

In reviewing the district court's decision sustaining State Farm's demurrer, we accept as true all the facts which are well pled and the proper and reasonable inferences of law and fact which may be drawn therefrom, but not the conclusions of the pleader. In considering McGinn's facts as pled to determine whether those facts state a cause of action, we construe the petition liberally.

In the petition, McGinn alleges that he is a policyholder under a State Farm automobile insurance policy that contains a provision for medical payments coverage which is subject to a utilization review as to reasonableness and necessity. Unlike the Lynches, McGinn admits in paragraph 9 of the petition that he has not made a medical payments claim. McGinn nevertheless asserts that he has a justiciable legal issue, because he claims to have purchased a type of medical payments coverage which will not be delivered if he makes a claim.

In support of his assertion that he has stated a cause of action, McGinn relies on cases such as *Sitton v. State Farm Mut. Auto. Ins. Co.*, 116 Wash. App. 245, 63 P.3d 198 (2003), and urges us to reverse the district court's order sustaining State Farm's demurrer. We find the cases upon which McGinn relies, which are not repeated here, unpersuasive or inapposite.

For example, although *Sitton* was certified as a class action and the allegations in *Sitton* are similar to those in the petition, the opinion makes clear that unlike McGinn's circumstance as alleged in the instant case, each of the class representatives who brought the class action against their automobile insurance carrier in *Sitton* had filed claims with the insurance company, which claims were denied, at least in part. We review McGinn's claims and determine whether, despite McGinn's failure to have filed a claim under his medical payments coverage provision, he nevertheless has stated a cause of action against State Farm. We conclude as a matter of law that he has not.

Initially, we note that an insurance policy is a contract. *Guerrier v. Mid-Century Ins. Co.*, 266 Neb. 150, 663 N.W.2d 131 (2003); *Farm Bureau Ins. Co. v. Martinsen*, 265 Neb. 770, 659 N.W.2d 823 (2003). In assessing claims for damages in insurance contract actions, it has been recognized that it is ordinarily necessary to assert a breach. 16 Lee R. Russ & Thomas F. Segalla, Couch on Insurance 3d § 232:42 (2000) (stating that allegation of breach is element of claim in action for failure to provide insurance benefits as called for under policy). In the absence of a breach, a cause of action has not ordinarily been stated. See *id.* See, also, *Snyder v. EMCASCO Ins. Co.*, 259 Neb. 621, 627, 611 N.W.2d 409, 415 (2000) (stating cause of action for breach of insurance contract accrues "at the time of the breach or failure to do the thing agreed to").

In connection with the breach of contract "cause of action," McGinn has admittedly not filed a claim under his medical payments coverage and has not had a claim denied. As such, McGinn cannot allege, as the Lynches have, that State Farm "billed [him] for traditional indemnity medical payments coverage, while actually delivering . . . a medical cost containment/managed care program." McGinn has not been subject to the administration of the policy, and specifically, he has not actually had the coverage

at issue "delivered" to him. If McGinn would submit a claim, we do not know if he would be afforded coverage, denied coverage, or denied coverage in part. Referring to the facts alleged in his contract "cause of action," it cannot yet be said that State Farm has breached the contract of insurance or failed to do the thing agreed to. See *Snyder, supra.*

McGinn has not asserted a case involving a breach of contract, and therefore he has not stated a cause of action for breach of contract, as the district court found. We agree with the district court's reasoning relative to McGinn's claim based in contract.

The district court extended its reasoning to McGinn's remaining claims. This was not error. Each of the other "causes of action" incorporates the existence of the contract for insurance and each is dependent on the viability of McGinn's breach of contract claim. Because McGinn has not alleged a case involving breach of contract, as a matter of law, the remaining "causes of action" likewise fail to state a cause of action. The district court did not err in granting the demurrer.

REMAINING ASSIGNMENT OF ERROR

In view of our resolution of the preceding assignment of error, it is not necessary for us to reach the remaining assignment of error. See *Jay v. Moog Automotive*, 264 Neb. 875, 652 N.W.2d 872 (2002).

CONCLUSION

Referring to his State Farm automobile policy, McGinn alleges that he has not filed a claim under his medical payments coverage provision and has not had a claim denied. Accepting as true the facts pled by McGinn, McGinn has not alleged a breach of his contract of insurance, and this "cause of action" as well as the remaining dependent "causes of action" are not suitable for judicial resolution. We conclude that the district court did not err in sustaining State Farm's demurrer and dismissing the petition as to McGinn, for the reason that McGinn has not stated a cause of action. Accordingly, we affirm the district court's order sustaining State Farm's demurrer without leave to replead, dismissing McGinn's claims, and ordering him stricken as a party plaintiff.

AFFIRMED.

HENDRY, C.J., and MCCORMACK, J., not participating.