ALICIA LEAH CONN, APPELLEE, V.
BOBBY JOE CONN, APPELLANT.

695 N.W.2d 674

Filed April 19, 2005.    No. A-04-791.

Bobby Joe Conn, pro se.

Daniel O. Mingus for appellee.

INBODY, Chief Judge, and SIEVERS and CASSEL, Judges.

CASSEL, Judge.

## INTRODUCTION

Bobby Joe Conn, an inmate in the custody of the Nebraska Department of Correctional Services, appeals from the decree dissolving his marriage to Alicia Leah Conn. Because we conclude that the district court failed to afford Bobby procedural due process, including a reasonable opportunity to present his side of the case, we reverse, and remand for further proceedings in conformity with this opinion.

## BACKGROUND

On February 20, 2001, Alicia filed a petition for legal separation. Various temporary orders were subsequently entered. On October 11, 2002, in a separate, criminal proceeding, Bobby was sentenced to imprisonment for 20 to 30 years with credit for time served. On September 19, 2003, Alicia filed an amended petition

for dissolution of marriage and for related relief such as division of property, child custody, and child support.

On May 14, 2004, Alicia appeared with her attorney for trial. At her request, the district court took judicial notice that a notice of the hearing had been sent to Bobby at the state penitentiary. The court then stated, "Apparently [Bobby] called the Clerk and wanted to do the hearing by telephone conference and he was advised that this is a civil matter and we do not do these by telephone conference and if he wished to be represented he would need to hire his own attorney." The trial then proceeded in Bobby's absence and without any participation on his behalf.

The district court entered its decree on June 14, 2004. The decree dissolved the marriage, awarded child custody to Alicia, required Bobby to pay child support of $50 per month, and stated that "since [Bobby] is residing in the Nebraska State Penitentiary no visitation is ordered at this time and will not be allowed by this Court as long as [Bobby] is in prison." The decree also recited:

> The Court hereby notes that the file shows that [Bobby] was properly notified of this court hearing by this Court. The Court further states that [Bobby] requested that this matter be handled via telephone conference since [Bobby] is residing in the Nebraska State Penitentiary. That [Bobby] was informed that the Court would not allow a final hearing on a divorce to be handled by telephone conference and that he would either need to appear and/or have counsel appear at the trial to participate.

Bobby timely appeals.

## ASSIGNMENTS OF ERROR

Bobby asserts that the district court (1) abused its discretion in denying visitation with his minor child and (2) deprived him of the right to be heard in the dissolution proceeding.

## STANDARD OF REVIEW

■ Child custody determinations, and visitation determinations, are matters initially entrusted to the discretion of the trial court, and although reviewed de novo on the record, the trial court's determination will normally be affirmed absent an abuse

of discretion. *Vogel v. Vogel*, 262 Neb. 1030, 637 N.W.2d 611 (2002).

■ Determination of whether procedures afforded an individual comport with constitutional requirements for procedural due process presents a question of law, regarding which an appellate court is obligated to reach its own conclusions independent of those reached by the trial court. *Claypool v. Nebraska Dept. of Corr. Servs.*, 12 Neb. App. 87, 667 N.W.2d 267 (2003).

## DISCUSSION

We first address Bobby's second assignment of error, as it is dispositive of this appeal. Bobby argues that by failing to afford him a reasonable opportunity to be heard, the district court deprived him of procedural due process. We agree.

We find the discussion in *Board of Regents v. Thompson*, 6 Neb. App. 734, 577 N.W.2d 749 (1998), instructive. Although the issue there arose in the context of a civil action to collect a debt, whereas the instant case involves a proceeding seeking a dissolution of marriage, the same principle applies.

■ The U.S. and Nebraska Constitutions provide that no person shall be deprived of life, liberty, or property without due process of law. U.S. Const. amends. V and XIV; Neb. Const. art. I, § 3. "When a person has a right to be heard, procedural due process includes . . . a reasonable opportunity to refute or defend against a charge or accusation [and] a reasonable opportunity to confront and cross-examine adverse witnesses and present evidence on the charge or accusation . . . ." *In re Interest of L.V.*, 240 Neb. 404, 413-14, 482 N.W.2d 250, 257 (1992).

■ As we said in *Board of Regents v. Thompson*, 6 Neb. App. at 738, 577 N.W.2d at 752,

> Although it is clear that a prisoner has no absolute constitutional right to be released from prison so that the prisoner can be present at a hearing in a civil action, *In re Interest of L.V., supra*; *Wilson v. Wilson*, 238 Neb. 219, 469 N.W.2d 750 (1991), and that due process does not require the appointment of counsel to represent the prisoner in a private civil matter, *Caynor v. Caynor*, 213 Neb. 143, 327 N.W.2d 633 (1982), due process does require that the prisoner receive meaningful access to the courts to defend [against] suits brought against him or her.

The trial court did not deny Bobby's request to participate by telephone because it was untimely or because of a failure to comply with some reasonable progression requirement imposed by the trial court. Rather, the trial court broadly declined to allow telephonic participation and allowed Bobby only two ways of participating: by personal appearance, which was impossible because of Bobby's incarceration, or by appearance of counsel, which was equally impractical because of Bobby's limited financial resources—which the trial court recognized in its determination of child support. We find that these limitations denied Bobby meaningful access to the court.

Alicia argues that Neb. Rev. Stat. § 42-356 (Reissue 2004), which requires dissolution hearings to be "held in open court upon the oral testimony of witnesses or upon the depositions of such witnesses taken as in other actions," precluded the trial court from allowing Bobby to participate by telephone. It is the duty of a court to give a statute an interpretation which meets constitutional requirements if it can reasonably be done. See *State ex rel. Stenberg v. Moore*, 258 Neb. 199, 602 N.W.2d 465 (1999). Where due process so requires, we do not read § 42-356 to prohibit a trial court from allowing one of the parties to appear by telephone during a final hearing held in open court upon the oral testimony of witnesses. Also, § 42-356 expressly contemplates testimony by deposition.

While the trial court certainly has the authority to impose necessary deadlines and to utilize reasonable procedures to ensure the efficient disposition of dissolution proceedings, such efficiency cannot be achieved at the expense of a party's right to participate in the proceedings. The initial determination of the appropriate means and methods of allowing such participation should be made by the trial court upon remand of this cause.

In view of our resolution of the preceding assignment of error, it is not necessary for us to consider Bobby's first assignment of error. See *McGinn v. State Farm Mut. Auto. Ins. Co.*, 268 Neb. 843, 689 N.W.2d 802 (2004).

## CONCLUSION

Because the district court failed to afford Bobby a reasonable opportunity to defend himself in the action at issue, we reverse

the district court's decree and remand the cause for further proceedings in conformity with this opinion.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.