SPEAR T RANCH, INC., APPELLANT AND CROSS-APPELLEE,
v. NEBRASKA DEPARTMENT OF NATURAL RESOURCES,
APPELLEE AND CROSS-APPELLANT.
699 N.W.2d 379

Filed July 8, 2005.   No. S-04-639.

Thomas D. Oliver for appellant.

Jon Bruning, Attorney General, and Justin D. Lavene for appellee.

Steven C. Smith, of Pahlke, Smith, Snyder, Petitt & Eubanks, G.P., for amici curiae Pathfinder Irrigation District et al.

Michael C. Klein, of Anderson, Klein, Swan & Brewster, for amicus curiae Central Nebraska Public Power and Irrigation District.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

Wright, J.

## I. NATURE OF CASE

Spear T Ranch, Inc. (Spear T), filed a claim for damages with the State Claims Board under the State Tort Claims Act, Neb. Rev. Stat. § 81-8,209 et seq. (Reissue 2003). The board denied the claim, and Spear T subsequently brought an action against the Nebraska Department of Natural Resources (Department). Spear T alleged that the Department was negligent in failing to protect Spear T's surface water appropriations and that the Department had permitted the diversion of water from Spear T's land, which greatly reduced the value of the land and resulted in an unauthorized taking of its property without compensation. Spear T appeals from the order of the Morrill County District Court which granted the Department's motion for summary judgment and dismissed its amended petition with prejudice.

## II. SCOPE OF REVIEW

■ In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Johnson v. United States Fidelity & Guar. Co.*, 269 Neb. 731, 696 N.W.2d 431 (2005).

■ Whether a petition states a cause of action is a question of law, regarding which an appellate court has an obligation to reach a conclusion independent of that of the trial court. *McGinn v. State Farm Mut. Auto. Ins. Co.*, 268 Neb. 843, 689 N.W.2d 802 (2004).

## III. FACTS

Spear T is a Nebraska corporation that owns land in Morrill County. Pumpkin Creek flows through Spear T's land, and it has two surface water appropriations on Pumpkin Creek. Water appropriation A-6811 is a permit dated November 16, 1954, to divert 2.57 cubic feet per second of water. Water appropriation A-9051 is dated December 21, 1956, and permits a diversion of 1.6 cubic feet per second.

Spear T initially filed a claim for damages with the State Claims Board pursuant to the State Tort Claims Act. The board

denied the claim, and Spear T subsequently brought this suit against the Department.

In its first cause of action, Spear T claimed that the Department had negligently failed to protect its appropriations by controlling the amount of ground water taken from the Pumpkin Creek basin by hydrologically connected ground water users. It claimed that this negligence arose from a common-law duty of the Department to protect surface water appropriations. Spear T claimed that as a result of the Department's negligence, Pumpkin Creek had become brackish and unsuitable for raising crops or watering livestock. Spear T claimed damages for the loss of crops and a reduction in property and aesthetic value.

Spear T also alleged that Neb. Rev. Stat. § 46-226 (Reissue 2004) imposed a duty upon the Department to make proper arrangements for the determination of priorities of the right to use the public waters of the state and to determine the same. It alleged that the Department's failure to determine priorities between surface water appropriators and ground water users had directly resulted in damages to Spear T.

As to its cause of action for inverse condemnation, Spear T claimed that Neb. Rev. Stat. § 46-159 (Reissue 2004) prohibited the diverting of water from the creek to the detriment of a party unless previous compensation is ascertained. Spear T asserted that the Department's inaction had resulted in the inverse condemnation of its vested property rights without just compensation, in violation of the Fifth Amendment to the U.S. Constitution and Neb. Const. art. I, § 21. It also claimed that the Department's actions deprived it of its constitutional rights under color of law, thereby violating 42 U.S.C. § 1983 (2000).

Spear T sought general damages for the reduction in value of its property caused by the Department's alleged negligence and for the resulting loss of hay and reduced pasture rental. It requested special damages for the loss of aesthetic value of the property and other damages allowed by law. It also sought an injunction requiring the Department to cease issuance of well permits in the Pumpkin Creek basin and to restrict the amount of water pumped from upstream wells.

The Department demurred, claiming that the petition was insufficient to state a cause of action sounding in either negligence

or inverse condemnation. The district court sustained the demurrer as to Spear T's action for inverse condemnation, and Spear T was allowed to amend. Its amended petition was identical to the original petition in nearly all respects, the main exception being that Spear T eliminated all references to a violation of 42 U.S.C. § 1983.

The Department moved for summary judgment, claiming that Spear T's action was barred by applicable statutes of limitation and that it had no duty to regulate ground water use to protect Spear T's surface water rights. The Department also asserted other affirmative defenses.

Following a hearing, the district court sustained the Department's motion for summary judgment. It found that the Department had no legal duty to protect surface water appropriators from the activities of ground water users. The court also granted the Department's motion for an order dismissing Spear T's claim for inverse condemnation. Spear T timely perfected an appeal, and the Department has cross-appealed.

## IV. ASSIGNMENTS OF ERROR

Spear T assigns the following restated errors to the order of the district court: The court erred (1) in finding that the Department had no duty to protect surface water appropriators from the effects of ground water use and (2) in finding that Spear T had no cause of action for inverse condemnation against the Department.

The Department assigns the following restated errors on cross-appeal: The district court erred (1) in failing to find that Spear T's claim was barred by the statute of limitations; (2) in failing to find that even if the Department had a duty to protect surface water appropriators from the effects of ground water irrigation, such claims were not appropriate under the State Tort Claims Act; and (3) in failing to find that Spear T had not exhausted all available administrative remedies prior to seeking judicial review.

## V. ANALYSIS

### 1. SPEAR T'S ARGUMENT

Spear T asserts that the Department had both a common-law duty and a statutory duty to protect the rights of surface water appropriators. As to the statutory duty, it relies upon § 46-226,

which provides: "The department shall make proper arrangements for the determination of priorities of right to use the public waters of the state and determine the same. The method of determining the priority and amount of appropriation shall be fixed by the department." Spear T claims this language placed a duty upon the Department to regulate all of the waters of the state through a system of priorities. It claims that the Department had a statutory duty to establish a method for determining priority between the surface water appropriators and the ground water users, and to fix the amount of water that hydrologically connected ground water users could extract from Pumpkin Creek. Spear T also relies upon Neb. Rev. Stat. § 61-206(1) (Cum. Supp. 2004), which states: "The Department of Natural Resources is given jurisdiction over all matters pertaining to water rights for irrigation . . . except as such jurisdiction is specifically limited by statute." Spear T concludes this means that the Department has exclusive jurisdiction to hear and adjudicate all matters pertaining to water rights.

## 2. DEPARTMENT'S ARGUMENT

The Department claims that it had no duty to protect appropriators of surface water from the activities of ground water users. It argues that because it had no duty, it cannot be held actionable in a claim for negligence or inverse condemnation.

The Department asserts that the Legislature is the body with authority to implement the state's water policy and that the Legislature has delegated the authority to regulate surface water to the Department and has delegated the authority to regulate ground water, including hydrologically connected ground water, to the natural resources districts. It argues that pursuant to law, the Legislature has authorized the Department to regulate surface water appropriations and to protect the rights of surface water appropriators from encroachment by other surface water appropriators.

## 3. RESOLUTION

The legal issue presented is whether the actions or inactions of the Department constituted negligence. The threshold issue in any negligence action is whether the defendant owes a legal duty to the plaintiff. *Fu v. State*, 263 Neb. 848, 643 N.W.2d

659 (2002). The question of whether a legal duty exists for actionable negligence is a question of law dependent on the facts in a particular situation. *Anderson v. Nashua Corp.*, 246 Neb. 420, 519 N.W.2d 275 (1994). Regarding questions of law, an appellate court is obligated to reach a conclusion independent of the determination made by the court below. *Trimble v. Wescom*, 267 Neb. 224, 673 N.W.2d 864 (2004).

### (a) Common-Law Duty

Spear T relies upon *State, ex rel. Sorensen, v. Mitchell Irrigation District*, 129 Neb. 586, 262 N.W. 543 (1935), and *State v. Birdwood Irrigation District*, 154 Neb. 52, 46 N.W.2d 884 (1951), to support its position that the Department had a common-law duty to protect surface water appropriators from hydrologically connected ground water users. We conclude that neither case supports Spear T's position.

In *State, ex rel. Sorensen, v. Mitchell Irrigation District, supra*, the Attorney General of Nebraska instituted an action to compel Mitchell Irrigation District to comply with state law applicable to irrigation districts and to enjoin the irrigation district until it complied with such laws. We held that the State had the right to enforce compliance with laws that would protect the rights of all users of water for irrigation purposes. Contrary to Spear T's argument, *State, ex rel. Sorensen, v. Mitchell Irrigation District* did not create a common-law duty in the Department to resolve conflicts between surface water appropriators and ground water users. Instead, the authority of the State via the Attorney General to compel the irrigation district to comply with the law was created by statute.

In *State v. Birdwood Irrigation District, supra*, the Department of Roads and Irrigation commenced an action to cancel part of the water appropriation of the Birdwood Irrigation District. The law existing at the time, Neb. Rev. Stat. § 46-229.02 (Supp. 1949), expressly authorized the Department of Roads and Irrigation to cancel a water right that had not been used for some beneficial purpose for more than 3 years. The irrigation district contended that the department was without authority to cancel the water right on certain lands. We held that the department was expressly authorized by statute to forfeit a water right where it appeared that

the water appropriation had not been used for some beneficial or useful purpose.

In an effort to establish a common-law duty to protect surface water appropriators, Spear T attempts to give our decisions in *State, ex rel. Sorensen, v. Mitchell Irrigation District, supra,* and *State v. Birdwood Irrigation District, supra,* an overly broad application. Neither of these cases contains language creating a duty which would require the Department to resolve conflicts between surface water appropriators and ground water users. In fact, the issue of resolving a conflict between surface water appropriators and ground water users was never presented. Both cases were decided before the Legislature first addressed ground water regulation in 1957. See *In re Complaint of Central Neb. Pub. Power, ante* p. 108, 699 N.W.2d 372 (2005). While we stated in *State, ex rel. Sorensen, v. Mitchell Irrigation District,* 129 Neb. at 593, 262 N.W. at 547, that "the state has the right . . . to enforce compliance with laws that will protect the rights of all users of water for irrigation purposes within the state," this language did not establish a common-law duty in the Department to resolve conflicts between surface water appropriators and ground water users.

■ The system of irrigation in Nebraska has its foundation in statutory enactments and constitutional provisions. *In re Complaint of Central Neb. Pub. Power, supra.* Rights of irrigation in this state exist only as they have been created and defined by the law, and are necessarily limited in their scope by the language of their creation. *Id.*

### (b) Statutory Duty

The issue of whether the Department has a statutory duty to resolve conflicts between surface water appropriators and ground water users has been resolved by our decisions in *In re Complaint of Central Neb. Pub. Power, supra,* and *Spear T Ranch v. Knaub,* 269 Neb. 177, 691 N.W.2d 116 (2005).

In *In re Complaint of Central Neb. Pub. Power, supra,* we affirmed the Department's order, which dismissed the complaint for lack of jurisdiction to grant the relief requested. Central Nebraska Public Power and Irrigation District (Central) had filed suit with the Department to stop certain ground water users from diverting water from the Platte River without first obtaining a

permit from the Department. Central claimed the Department was charged with administering all waters of the state through a number of statutory provisions, specifically §§ 46-226 and 61-206(1) and Neb. Const. art. XV, § 6. The Department dismissed the complaint for lack of jurisdiction, concluding that its legal authority was limited to working cooperatively with the natural resources districts to address conflicts between surface water appropriators and ground water users by jointly developing and implementing integrated management plans. The Department's order stated that the Legislature had not given it independent authority to regulate ground water users or administer ground water rights for the benefit of surface water appropriators.

In resolving the issue in favor of the Department, we stated: "Nebraska has two separate systems for the distribution of its water resources . . . . The Department regulates surface water appropriators, see § 61-201 et seq., and ground water users are statutorily regulated by the natural resources districts through the Nebraska Ground Water Management and Protection Act . . . ." See *In re Complaint of Central Neb. Pub. Power, ante* p. 108, 116-17, 699 N.W.2d 372, 378 (2005). We concluded that the Department had no independent authority to regulate ground water users or administer ground water rights for the benefit of surface water appropriators.

In *In re Complaint of Central Neb. Pub. Power, supra,* we relied upon our decision in *Spear T Ranch v. Knaub, supra.* In that case, the plaintiff argued that it had a prior surface water appropriation and that because the water was hydrologically connected, it had priority over the ground water users to the water in the Pumpkin Creek basin. Spear T asked this court to apply legislatively created surface water priorities to conflicts between surface water appropriators and ground water users. We declined to adopt that approach, finding no statutory authority or case law that supported applying surface water appropriations to ground water.

In the case at bar, all of Spear T's causes of action are based upon the assumption that the Department has a duty to resolve conflicts between surface water appropriators and ground water users. It is well established that the Department has only that authority which the Legislature has specifically conferred upon it

by statute or by construction necessary to achieve the purpose of the relevant act. See *In re Application A-16642*, 236 Neb. 671, 463 N.W.2d 591 (1990).

■ We conclude that the Department has no common-law or statutory duty to regulate the use of ground water in order to protect Spear T's surface water appropriations. See *In re Complaint of Central Neb. Pub. Power, supra* (holding that Department had no independent authority to regulate ground water users or administer ground water rights for benefit of surface water appropriators). In the absence of independent authority to regulate the use of ground water, the Department has no legal duty to resolve conflicts between surface water appropriators and ground water users. If there is no legal duty, there is no actionable negligence. *Fuhrman v. State*, 265 Neb. 176, 655 N.W.2d 866 (2003). One cannot be negligent in failing to perform an act which it did not in the first instance have a duty or obligation to perform. *Travelers Indemnity Co. v. Center Bank*, 202 Neb. 294, 275 N.W.2d 73 (1979).

In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Johnson v. United States Fidelity & Guar. Co.*, 269 Neb. 731, 696 N.W.2d 431 (2005). Viewing the evidence in the light most favorable to Spear T and giving it the benefit of all reasonable inferences deducible from the evidence, we conclude that the Department was entitled to judgment as a matter of law. The district court was correct in its determination that the Department had no duty to protect surface water appropriators from the activities of ground water users. The district court did not err in granting summary judgment on this issue.

### 4. REMAINING ASSIGNMENT OF ERROR

Spear T also assigns as error the district court's determination that Spear T had no cause of action for inverse condemnation. After sustaining the Department's demurrer, the court gave Spear T an opportunity to file an amended petition. Its amended petition was identical to the original petition in nearly all respects, the main exception being that it omitted all references to a violation of 42 U.S.C. § 1983.

■ In an appellate court's review of a ruling on a demurrer, the court is required to accept as true all the facts which are well pled and the proper and reasonable inferences of law and fact which may be drawn therefrom, but not the conclusions of the pleader. *McGinn v. State Farm Mut. Auto. Ins. Co.*, 268 Neb. 843, 689 N.W.2d 802 (2004). Whether a petition states a cause of action is a question of law, regarding which an appellate court has an obligation to reach a conclusion independent of that of the trial court. *Id.*

Neb. Const. art. I, § 21, provides: "The property of no person shall be taken or damaged for public use without just compensation therefor." The question is, What property was taken or damaged by the Department? The Department did not have authority to regulate ground water users or administer ground water rights for the benefit of surface water appropriators. Accordingly, its action or inaction did not amount to a taking or damages as alleged by Spear T. Because Spear T had no property that was damaged or taken by the Department, Spear T could not assert a cause of action for inverse condemnation. It was not error for the district court to dismiss Spear T's cause of action for inverse condemnation.

### 5. CROSS-APPEAL

On cross-appeal, the Department argues that the district court erred in failing to grant it summary judgment based upon each of the reasons set forth in its motion. The court granted the motion only with respect to the Department's argument that it had no duty to protect the rights of surface water appropriators from ground water users. Because we find that summary judgment was proper based upon the Department's lack of duty, it is unnecessary to determine whether summary judgment should have been granted as to each of the reasons the Department raised in its motion.

### VI. CONCLUSION

For the reasons set forth herein, the judgment of the district court, which granted the Department's motion for summary judgment and dismissed Spear T's cause of action for inverse condemnation, is affirmed.

AFFIRMED.