REQUESTED BY: Dwite A. Pedersen, State Senator
You have asked whether the Department of Correctional Services can authorize withholding of the same percentage of wages paid to inmates on work release for deposit into the Crime Victim's Reparation Fund and whether this would require statutory change or if it could be done administratively by the Department. It is our determination that the Department of Correctional Services can not authorize withholding wages paid to inmates on work release for deposit in the Crime Victim's Fund without statutory authority to do so.
STATUTES INVOLVED IN QUESTION
Neb. Rev. Stat. § 81-1801 to 81-1842 is known as the Nebraska Crime Victim's Reparations Act and establishes the Victim's Compensation Fund. The Fund shall consist of all awards or judgments under the Act and shall include deposits pursuant to sections 29-2286, 81-1836 and 83-183.01. Neb.Rev.Stat. 81-1835
(1999).
Section 29-2286 addresses when an order for restitution has been entered. Under specific circumstances, the restitution moneys may be place in the Crime Victims Fund. Section 81-1836
addresses those instances when payment is received by an individual convicted of a crime for writing, speaking or other actions related to the crime itself.
Neb. Rev. Stat. § 83-183.01 provides:
 A person committed to the department, who is earning at least minimum wage and is employed pursuant to sections 82-1827 and 83-183 shall have his or her wages set aside by the chief executive officer of the facility in a separate wage fund. The director shall adopt and promulgate rules and regulations which . . . govern the disposition of a confined person's gross monthly wage minus required payroll deductions and payment of necessary work-related incidental expenses for the following purposes:
 . . . .
 (7) For deposit in the Victim's Compensation Fund.
Neb. Rev. Stat. § 83-1827 permits the Director of Correctional Services to enter into contracts with private corporations for the rental or lease of buildings on the grounds of Department of Correctional Services facilities for the manufacture and processing of goods or wares and for the employment of persons committed to the Department.
Neb. Rev. Stat. § 83-183 permits the director of Correctional Services to establish and maintain industries and farms in correctional facilities or to enter into arrangements with other any other board or agency of the state, any natural resources district or any other political subdivision excepting named educational entities.
ANALYSIS
The noted above the authority given to the Department of Correctional Services by section 82-183 in relation to the Victim's Compensation Fund relates only to those monies received by inmates through private enterprise within the prison setting for which the Department contracts. Section 83-183 also permits monies to be diverted to the Crime Victims fund for employment in positions with State entities including the Department of Correctional Services.
Neb. Rev. Stat. § 83-184 addresses employment of those committed to the department of correctional services in positions within the community. This is what is generally referred to as work release. Subsection (3) allows the department to collect costs incident to the person's confinement. There is no authority to collect work release monies for the crime victims fund.
Administrative bodies have only that authority specifically conferred upon them by statute or by construction necessary to achieve the purpose of the relevant act. Spear T Ranch v. Nebr. Dept. of Natural Resources, 270 Neb. 130, 137-38, 699 N.W.2d 379,385, (2005); Chrysler Corp. v. Lee Jansen Motor Co. 248 Neb. 281,534 N.W.2d 568 (1995); In re Application A-16642, 236 Neb. 671,463 N.W.2d 591 (1990).
CONCLUSION
Currently no statutes exist that give the Department authority to place any portion of wages earned by those committed to the Department from employment in the community into the Victim's Compensation Fund. Thus, in answer to your question, the department has no authority to collect funds from work release inmates employed in the community for payment to the crime victims fund. Without statutory authority, the department can not divert fund from the wages received by work release inmates for the fund. Also, without statutory authority the department can not authorize the withholding for the Victim's Compensation Fund of any funds earned in community employment. Therefore, it would require a statutory change in order for the department to withhold a portion of these work release wages for the Victim's Compensation Fund.
 Sincerely, JON BRUNING Attorney General
 Linda L. Willard Assistant Attorney General
 Approved: ___________________________ Attorney General