747 N.W.2d 639 (2008)
16 Neb. App. 634
Terry L. WORLEY, appellant,
v.
Robert P. HOUSTON, director of the Department of Correctional Services, and Ronald Reithmuller, records administrator, appellees.
No. A-07-151.
Court of Appeals of Nebraska.
April 15, 2008.
*640 Kate M. Jorgensen, of Stratton & Kube, P.C., and, on brief, Andrew D. Weeks, Norfolk, for appellant.
Jon Bruning, Attorney General, and Linda L. Willard, Lincoln, for appellees.
SIEVERS, MOORE, and CASSEL, Judges.
SIEVERS, Judge.
Terry L. Worley argued to the district court for Lancaster County that prison officials had miscalculated his sentence under *641 Neb.Rev.Stat. § 83-1,107 (Cum.Supp. 1996). The district court rejected his claim, and he now appeals to this court.

FACTUAL AND PROCEDURAL BACKGROUND
On November 4, 1997, Worley was sentenced in York County, Nebraska, to a term of imprisonment of 20 to 25 years, with credit for 159 days served. Worley was sentenced under a version of § 83-1,107 in which the Nebraska Legislature had amended a "good time" law via 1995 Neb. Laws, L.B. 371. Prior to L.B. 371, § 83-1,107 (Reissue 1994) provided that a person sentenced to prison automatically received 6 months of good time credited against his sentence for every year of his prison term and that good time was credited at the time of sentencing. L.B. 371 amended the statute so that it read, in part, as follows:
(2) The chief executive officer of a facility shall reduce the term of a committed offender by three months for each year of the offender's term and pro rata for any part thereof which is less than a year.
(3) The chief executive officer shall reduce the term of a committed offender up to an additional three months for each year of the offender's term and pro rata for any part thereof which is less than a year upon [participation in or completion of a personal program.]

....
The total of all the reductions shall be credited from the date of sentence, which shall include any term of confinement prior to sentence and commitment as provided pursuant to section 83-1,106, and shall be deducted from the maximum term, to determine the date when discharge from the custody of the state becomes mandatory.
§ 83-1,107 (Cum.Supp.1996) (emphasis supplied).
Robert P. Houston, director of the Department of Correctional Services, and Ronald Reithmuller, records administrator for the Department of Correctional Services (collectively Appellees), calculated Worley's prison term and informed Worley that his mandatory discharge date was based on a period of 15 years minus the credit for time served, which would make his release date May 24, 2012. This calculation assumed that good time under § 83-1,107(3) for participation in or completion of a personal program was to be credited year by year after successful completion of a personal program  as opposed to being credited at the beginning of the sentence based on the prisoner's maximum sentence in the same manner as good time under § 83-1,107  and then being added back to the sentence for any year in which the inmate did not complete a personal program. Worley filed a petition for declaratory judgment in the district court for Lancaster County against Appellees and the Department of Correctional Services, alleging that his mandatory discharge date had been miscalculated. The suit against the Department of Correctional Services was dismissed on grounds of sovereign immunity. On cross-motions for summary judgment, the district court, while noting that § 83-1,107 was ambiguous, entered an order in favor of Appellees. Worley timely appealed.

ASSIGNMENTS OF ERROR
Worley assigns error to the district court for sustaining Appellees' motion for summary judgment, overruling Worley's motion for summary judgment, and determining that Appellees had correctly calculated his mandatory discharge date.

*642 STANDARD OF REVIEW
Summary judgment is proper when the pleadings and evidence admitted at the hearing disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. Eicher v. Mid America Fin. Invest. Corp., 270 Neb. 370, 702 N.W.2d 792 (2005).
In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. Spear T Ranch v. Nebraska Dept. of Nat. Resources, 270 Neb. 130, 699 N.W.2d 379 (2005).
Statutory interpretation is a matter of law, in connection with which an appellate court has an obligation to reach an independent, correct conclusion irrespective of the determination made by the court below. See In re Interest of S.B., 263 Neb. 175, 639 N.W.2d 78 (2002).

ANALYSIS
This is a case of first impression but also of limited impression because of later legislative amendments to the statutes dealing with an inmate's good time credit. Neither of the Nebraska appellate courts has addressed the question raised by this case, but since Worley was sentenced, the Nebraska Legislature has again amended § 83-1,107, so the version of the statute at issue in this case is no longer in effect.
Neither party contests that the 3 months of good time per year of the inmate's sentence pursuant to § 83-1,107(2) is to be credited to a prisoner at the beginning of his sentence. However, the parties disagree as to how good time is credited under § 83-1,107(3). Worley asserts that good time under § 83-1,107(3) is to be credited at the beginning of a prisoner's sentence and is to be based on the prisoner's maximum term, as it is in § 83-1,107(2). But Appellees argue that good time is calculated based on the actual number of years a prisoner could complete in prison, a number which is smaller than his maximum term because of the good time that is credited to him under § 83-1,107(2). The practical difference in these interpretations is that under Appellees' interpretation, a prisoner cannot accumulate as much good time as under Worley's interpretation and serves a longer sentence. In Worley's case, the difference is 30 months.
The language in § 83-1,107(2), in which good time is calculated based on a prisoner's maximum term, and the language in § 83-1,107(3) are nearly identical. This favors Worley's argument that his sentence was miscalculated, because it is logical that two provisions by which an inmate's sentence is shortened found within the same statute, given their nearly identical language, should not be applied or calculated differently. Both sections base the amount of good time to be credited to a prisoner on the prisoner's "term," and therefore, since it is uncontested that "term" in § 83-1,107(2) refers to the prisoner's maximum term, the word "term" in § 83-1,107(3) also refers to the prisoner's maximum term.
Further, the language from § 83-1,107 which causes good time under § 83-1,107(2) to be applied at the beginning of a prisoner's sentence, "[t]he total of all the reductions shall be credited from the date of sentence ..." (emphasis supplied), does not distinguish in any way between the good time given under § 83-1,107(2) and that given under § 83-1,107(3). And of course, the use of the language "all the reductions" again, rather pointedly in our *643 view, evidences a legislative intent that both types of good time be applied and credited from the outset of the sentence, as stated in the statute. And then, if any of the good time is not "earned" under § 83-1,107(3), those periods are added back to the inmate's sentence.
Therefore, we interpret § 83-1,107(3) to require that a prisoner be credited with good time for participation in a personal program at the beginning of his sentence, based on the maximum sentence at that time, at the rate of 3 months per year, and such is to be deducted from his maximum term in order to determine his mandatory discharge date in addition to the 3 months per year of his maximum term for good time under § 83-1,107(2). Our conclusion is based on the plain reading of the words used is the statute, because, despite the disagreement of the parties about the meaning of the statute, we find that it is not ambiguous.
Accordingly, since Worley's maximum sentence is 25 years, by crediting him with 6 months of good time per year of such term, plus 159 days for time served, we find that Worley's mandatory discharge date is 12 years 6 months from the date on which he was sentenced, November 4, 1997. Adding 12 years 6 months to that date, and subtracting 159 days for time served, makes Worley's mandatory discharge date November 26, 2009. Of course, the mandatory discharge date so determined is only a tentative date, because a prisoner might fail to perform the requirements of the prisoner's personal program or be subject to losing good time for disciplinary reasons.

CONCLUSION
For the reasons stated above, we reverse the district court's order sustaining Appellees' motion for summary judgment and overruling Worley's motion for summary judgment. Worley's motion for summary judgment is hereby sustained, and his mandatory discharge date from prison is November 26, 2009.
REVERSED.