IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

HARPER V. DEPARTMENT OF CORRECTIONS

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

ERNEST C. HARPER, APPELLANT,

V.

DEPARTMENT OF CORRECTIONS ET AL., APPELLEES.

Filed January 27, 2015.    No. A-14-138.

Appeal from the District Court for Lancaster County: ANDREW R. JACOBSEN, Judge. Affirmed in part, and in part reversed.

Ernest C. Harper, pro se.

Jon Bruning, Attorney General, and Ryan S. Post for appellees.

MOORE, Chief Judge, and INBODY and PIRTLE, Judges.

PIRTLE, Judge.

## INTRODUCTION

Ernest C. Harper appeals from an order of the district court for Lancaster County denying his request to proceed in forma pauperis on his petition for declaratory judgment action and his petition for alternative and peremptory writ against the Department of Correctional Services, et al. (Department). Based on the reasons that follow, we affirm in part, and in part reverse.

## BACKGROUND

Harper is an inmate in the custody of the Nebraska Department of Correctional Services, housed at the Tecumseh State Correctional Institution. On October 12, 1982, he was sentenced by the district court for Douglas County on four different counts.

In January 2014, Harper brought a declaratory judgment action alleging the Department committed an invalid act or abused its authority by failing to credit him good time from the date of his sentence. He alleged that the Department had determined that good time credit is to be given from the date of initial incarceration, rather than from the date of sentence as required by statute. Harper requested the court to grant him a hearing to determine whether the Department had properly calculated and computed his good time.

Harper also filed a petition for alternative and peremptory writ, requesting a review of his sentence calculation. With his petitions, Harper filed a motion to proceed in forma pauperis and a poverty affidavit.

The trial court, on its own motion, denied Harper's request to proceed in forma pauperis. In regard to the petition for declaratory judgment, the court noted that the existence of an actual controversy is a prerequisite to declaratory relief. See *Ryder Truck Rental v. Rollins*, 246 Neb. 250, 518 N.W.2d 124 (1994). It found that Harper's petition contained no allegation that he was currently eligible for parole or that the Department had denied him parole based on error in applying any particular good time law and therefore, that no actual controversy existed. The court concluded that a declaratory judgment entered against the defendants would not resolve any conflict and failed to present a justiciable controversy. The court additionally found that the case was not ripe for judicial determination.

In regard to Harper's request to proceed in forma pauperis on the petition for alternative and peremptory writ, the trial court found that the request had to be denied for the same reason stated for the declaratory judgment action, as well as because the issue in controversy, i.e. whether the multiple count sentences were properly calculated, had already been decided in a previous action.

## ASSIGNMENTS OF ERROR

Harper assigns that the trial court erred in (1) denying him leave to proceed in forma pauperis, (2) dismissing his petition for declaratory judgment, and (3) dismissing his petition for alternative or peremptory writ.

## STANDARD OF REVIEW

A district court's denial of in forma pauperis status under Neb. Rev. Stat. § 25-2301.02 (Reissue 2008) is reviewed de novo on the record based on the transcript of the hearing or the written statement of the court. *Peterson v. Houston*, 284 Neb. 861, 824 N.W.2d 26 (2012).

## ANALYSIS

Harper assigns that the trial court erred in denying his request to proceed in forma pauperis on his petition for declaratory judgment and his petition for alternative or peremptory writ. Applications to proceed in forma pauperis are governed by § 25-2301.02. *Peterson v. Houston, supra.* Except in those cases where the denial of in forma pauperis status would deny a defendant his or her constitutional right to appeal in a felony case, § 25-2301.02(1) allows the court on its own motion to deny in forma pauperis status on the basis that the legal positions asserted by the applicant are frivolous or malicious, provided that the court issue a written statement of its reasons, findings, and conclusions for denial. *Id.* A frivolous legal position

pursuant to § 25-2301.02 is one wholly without merit, that is, without rational argument based on the law or on the evidence. *Id.*

In regard to the petition for declaratory judgment, the court found that no actual controversy existed, a prerequisite to declaratory relief, because Harper did not allege that he was currently eligible for parole or that the Department has denied him parole based on error in applying any particular good time law. However, we find no requirement in the case law that current parole eligibility or actual denial of parole are prerequisites to a prisoner's challenge to the calculation of his good time, and the court cited no authority for its holding. We point to *Worley v. Houston*, 16 Neb. App. 634, 747 N.W.2d 639 (2008), as an example of case law indicating that no such requirement exists. *Worley v. Houston, supra* involved an appeal from the denial of a prisoner's motion for declaratory judgment filed against the director of the Department and the records administrator. The prisoner, serving a 20 to 25 year sentence imposed in 1997, alleged that his mandatory discharge date had been miscalculated to a date in 2012. He did not allege that he was eligible for parole or that he had been denied parole. This court recalculated the proper amount of good time and found that his mandatory release date was in 2009.

In the present case, Harper filed his declaratory judgment action asking the court to determine whether the Department had properly calculated and computed his good time. Harper was not required to wait to file his action until such time as he was denied parole or was eligible for parole. Therefore, the trial court improperly denied in forma pauperis status to Harper in regard to his petition for declaratory judgment.

In regard to Harper's petition for alternative and peremptory writ, the court denied in forma pauperis status for the same reason discussed above, as well as because it was an attempt to relitigate an issue previously resolved. Based on our previous analysis, the trial court should not have denied in forma pauperis status on the basis that Harper did not allege that he was currently eligible for parole or that he had been denied parole. However, we conclude that in forma pauperis status was properly denied on the ground that the issue had already been decided in a previous action.

In 2009, Harper had filed a declaratory judgment action claiming the Department was not properly calculating his sentences. Specifically, he asked the court to determine whether the Department had computed his parole eligibility and mandatory discharge dates correctly. Harper had been convicted and sentenced on four counts, and the trial court determined that the sentencing court ordered that the sentences on Count III and IV were to run concurrently to each other, but consecutive to Count I. The sentence on Count II was ordered to run consecutive to the sentences on Counts I, III, and IV. All of the sentences were to run consecutively to an Iowa robbery conviction. The trial court determined that the calculation of the sentences by the Department was correct. The trial court's decision on Harper's 2009 declaratory judgment action was affirmed by this court. See *Harper v. Dept. of Corr. Servs.*, No. A-09-1155 (Neb. App. July 12, 2010) (not designated for permanent publication).

In both the 2009 declaratory judgment action and the present petition for alternative and peremptory writ action, Harper sought a determination of whether the Department was misinterpreting his multiple count sentences. The 2009 judgment found that the computation by the Department was correct and thus, Harper is trying to relitigate an issue already decided. The

trial court properly denied in forma pauperis status in regard to the petition for alternative and peremptory writ on the ground that the issue had previously been resolved.

Harper also assigns that the trial court erred in dismissing his petition for declaratory judgment and his petition for alternative or peremptory writ. However, the trial court only denied his request to proceed in forma pauperis on the motions, it did not dismiss the motions. Accordingly, we need not address Harper's second and third assignments of error.

CONCLUSION

We conclude that the trial court erred in denying Harper in forma pauperis status on his petition for declaratory judgment action, but did not err in denying in forma pauperis status on his petition for alternative and peremptory writ. Accordingly, the order of the district court is affirmed in part, and in part reversed.

AFFIRMED IN PART, AND IN PART REVERSED.